## PEOPLE v. DAVENPORT.

1. CRIMINAL LAW—STATUTES—REVOCATION OF PROBATION.

Statute governing probation revocation hearings, while providing that such hearings shall be summary, informal, not subject to rules of evidence or pleadings applicable in criminal trials, and that method of hearing and presentation of charges shall lie entirely within discretion of the court which granted probation, also provides that the probationer is entitled to a written copy of the charges upon which the claimed violation of probation is based, and that he shall be entitled to a hearing thereon (CL 1948, § 771.4).

2. SAME—VIOLATION OF PROBATION—REVOCATION HEARING.

Defendant's conviction for probation violation *held*, reversibly erroneous, where (1) defendant was convicted of probation violation for failure to pay attorneys' fees of $150, court costs in excess of $100, and failure to report to his probation

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law § 563 *et seq.*

officer; (2) the notice of probation violation alleged failure to report to his probation officer monthly, or as often as said officer may require, and failure to pay court costs, (3) the order of probation required payment of a fine and costs at the rate of $1 weekly, but did not state when said payment was to begin or the amount thereof, required that defendant report to his probation officer weekly, or as often as the court may require, and made no provision whatsoever for payment of attorneys' fees, since a defendant·may not be convicted for violation of a condition of probation which was not set forth in the probation order or one which was inherently ambiguous, and is entitled not only to written notice of the specific charges constituting the claim that he violated probation, but also to a hearing on such charges (CL 1948, § 771.4).

Appeal from Recorder's Court of Detroit; Gillis (Joseph A.), J. Submitted Division 1 April 3, 1967, at Detroit. (Docket No. 1,802.) Decided September 19, 1967.

William Davenport was convicted of violation of probation. Reversed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Samuel H. Olsen*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Thomas P. Smith*, Assistant Prosecuting Attorney, for the people.

*Daniel A. Burress*, for defendant.

LEVIN, J. Defendant-appellant William Davenport pleaded guilty to attempted robbery, unarmed.[1] He was sentenced to serve two years' probation, the first 4 months in the Detroit House of Correction. The probation order, in relevant part, provides:

---

[1] CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287); CL 1948, § 750.530 (Stat Ann 1954 Rev § 28.798).

"That probationer shall   serve first 4 months of probation period in Detroit House of Correction;

"That probationer shall pay the fine and/or costs as follows: $1.00 weekly

. (a) Beneficiary—County of Wayne $———— for court-appointed attorney;

"Probationer shall make a report to the probation officer, either in person or in writing, *weekly,* or as often as the *Court* may require." (Emphasis added.)

The probation order did not specify when payment of the "$1.00 weekly" was to commence or the amount of court costs to be paid.

In August, 1964, Davenport was discharged by the Detroit House of Correction. Subsequently, a notice of probation violation was issued stating that the conditions of probation included the following:

"Probationer shall make a report to the probation officer either in person or in writing, *monthly,* or as often as said *officer* may require.[2]

"That probationer shall pay fine and costs as follows: $1 a week." (Emphasis added.)

The notice alleged that Davenport had violated the terms of his probation as follows:

"To date defendant has not reported or paid on his court costs."

Davenport was arrested on or about December 6, 1965, at which time he received a copy of the notice of probation violation. A hearing was held the following day, December 7, 1965, at which Davenport was represented by counsel retained

---

[2] The relevant statute provides: "The conditions of probation shall include * * *

"(3) That he shall make a report to the probation officer, either in person or in writing, *monthly,* or as often as the *latter* may require." (Emphasis added.) CLS 1961, § 771.3 (Stat Ann 1965 Cum Supp § 28.1133).

overnight. Davenport stated he had been under the impression his mother had paid $109 toward the court costs, and he offered to correct the failure to have done so.

The probation officer testified Davenport never reported to the probation department. Davenport then testified that on the day he was released from the Detroit House of Correction he went directly to the probation department, that his probation officer was not there and he, Davenport, therefore, signed in; that on another occasion when he reported the probation officer was on vacation and he again signed in; and that he attempted to telephone his probation officer on one occasion when he was working, but was unable to reach him. The probation officer was in court during this testimony and did not contradict it nor was any effort made to check the records of the probation department to determine whether, in fact, Davenport had "signed in". Plaintiff-appellee added to its brief *dehors* the record a document which indicates that at least on one occasion Davenport did in fact report to the probation department.[3]

At the hearing, the trial judge stated he had inadvertently omitted to require Davenport to make restitution of $150 paid by the county to his assigned counsel:

*"The Court.* Inadvertently we left off—he probably knew that—he was supposed to make restitution for $150 attorney fees."

Later,

*"The Court.* Inadvertently, and it would have been included as soon as it was called to my attention, also repay the county for $150 attorney fees."

[3] We read the notice of probation violation as charging Davenport with failing to report at all to the probation department. The trial judge made no finding with respect to that allegation.

Still later,

"*The Court.* Counsel, here's another thing that certainly should help a lot. He *owes* the county $150 for *attorney fees* that you collected as assigned counsel. I presume you are not coming in here for nothing now. Isn't it kind of paradoxical that your defendant is here in *violation of probation* for not making restitution for *attorney fees*?" (Emphasis added.)

The judge later stated if he had known the defendant was previously on probation he would not have put him on probation.[4]

A discussion then ensued between the judge and the defendant as to whether he had completed payment of moneys required to be paid in connection with a prior "Bay City probation":

"*The Court.* But you didn't pay $500. Do you want me to get the record from that court? I'll give you a deal. I'll get the Wayne county records and the Bay City records. If you paid $500, I'll continue you on probation. But if you only paid $282 and still owe $142, I'm going to give you the maximum. Do you still want to say you paid the $500?

"*The defendant.* Your honor, I was pretty sure; but I couldn't be that sure.

"*The Court.* I find you guilty of violation of probation. It is the sentence of the Court that you be confined to Jackson prison for a minimum of 3-1/2 years, maximum of 5. I will make no recommendation. I am taking into consideration the 4 months you have already served when I give you 3-1/2 to 5."

While the governing statute[5] provides that probation revocation hearings shall be summary, in-

---

[4] "*The Court.* Of course, when I put you on probation in '64 I didn't know you were an absconder. You didn't tell us you were on probation from Bay City."

[5] CL 1948, § 771.4 (Stat Ann 1954 Rev § 28.1134).

formal, not subject to the rules of evidence ·or. of pleadings applicable in criminal trials, and the method of hearing and presentation of charges shall lie entirely within the discretion of the court which granted probation, a probationer is entitled to a "written copy of the charges against him which constitute the claim that he violated his probation, and shall be entitled to a hearing thereon"—*i.e.,* on the *charges set forth in such written notice.*

In our opinion the disparity between

(i) the conditions of probation set forth in the order of probation, and

(ii) the charges in the notice of probation violation, and

(iii) the charges of which defendant appears to have been convicted,
requires reversal. Compare: *People* v. *George* (1947), 318 Mich 329, 332; *People* v. *Pippin* (1946), 316 Mich 191, 196; *People* v. *Sutton* (1948), 322 Mich 104, 109–111; *In re Bobowski* (1946), 313 Mich 521, 523; *People* v. *Wood* (1966), 2 Mich App 342, 348.

Reversed.

T. G. KAVANAGH, P. J., and VANDER WAL, J., concurred.