PEOPLE v ACOSTA

CRIMINAL LAW—PROBATION REVOCATION—NOTICE OF CHARGE—SPECIFIC VIOLATION—ANTISOCIAL BEHAVIOR.

A probationer faced with revocation of his probation must have notice of the specific violation charged and the revocation hearing is to be restricted thereto; a probationer who is notified that he is charged with having been present in an automobile containing a shotgun and ammunition does not have proper notice that he is expected to meet a charge of antisocial behavior at the hearing.

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted October 9, 1975, at Detroit. (Docket No. 21633.) Decided November 14, 1975.

Julian F. Acosta was convicted, on his plea of guilty, of unlawfully taking and using a motor vehicle, and was placed on probation. From an order revoking probation and imposing sentence, defendant appeals. Order set aside and the case remanded for rehearing.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney Research, Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Elliard, Crenshaw & Strong,* for defendant.

REFERENCES FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law §§ 567, 568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

Before: R. M. MAHER, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM. On April 19, 1973, defendant pled guilty to unlawfully taking and using a motor vehicle, MCLA 750.414; MSA 28.646. He was sentenced to a term of two years probation. On September 19, 1974, defendant was found guilty of violating probation and was sentenced to a term of one year and four months to two years. Defendant appeals as of right.

While defendant raises several issues on appeal, we find one to be dispositive. The notice of probation violation charged defendant with having been present in an automobile containing a shotgun and ammunition. The basis of the trial court's revocation order, however, was defendant's anti-social conduct. Assuming arguendo that defendant was properly notified of the initial charge, defendant had no notice that he was expected to meet a charge of anti-social behavior. While the trial court's finding may be viewed as a mere characterization of the conduct contained in the charge, we have previously held that a probationer must have notice of the specific violation charged and the revocation hearing is to be restricted thereto. *People v Elbert,* 21 Mich App 677; 176 NW2d 467 (1970), *People v Davenport,* 7 Mich App 613; 152 NW2d 553 (1967).

In the instant case, the trial court exceeded the proper scope of the hearing. Defendant's conviction therefore, must be reversed.

The order revoking defendant's probation is set aside, the sentence vacated, and the defendant is remanded to the custody of recorder's court without prejudice on the part of the court to conduct a hearing after defendant is given a written copy of the probation violation charges that he is required to meet.