PEOPLE v EMERY

OPINION OF THE COURT

1. APPEAL AND ERROR—CRIMINAL LAW—PLEA OF GUILTY—REVOCATION OF PROBATION.

The Court of Appeals, when reviewing the revocation of a defendant's probation, will not examine the validity of the underlying guilty plea where the time for taking an appeal from the plea has expired.

2. CRIMINAL LAW—PROBATION—REVOCATION OF PROBATION.

Revocation of a defendant's probation was proper where the defendant was required to make certain monthly payments as a condition of his probation and, although he was in a position to do so, he failed to make the payments.

3. CRIMINAL LAW—SENTENCING—PRESENTENCE REPORTS—PERSONAL REVIEW BY DEFENDANT—COURT RULES.

A sentencing court is required by court rule to allow review of the presentence report by defense counsel; where counsel is provided with the report, no error results from the fact that the defendant personally does not review the report (GCR 1963, 785.12).

DISSENT BY M. F. CAVANAGH, J.

4. CRIMINAL LAW—SENTENCING—PROBATION—REVOCATION OF PROBATION—PROBATION VIOLATION—JUDGE'S DISCRETION.

*A sentencing judge is permitted broad discretion in probation matters, however, the decision whether to terminate or revoke probation must be made on the basis of the alleged probation violation alone.*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 21 Am Jur 2d, Criminal Law §§ 563, 567, 568.
[3] 21 Am Jur 2d, Criminal Law §§ 303, 527 (supp).
Presentence reports: defendant's right to disclosure of presentence reports. 40 ALR3d 681.

5. CRIMINAL LAW—PROBATION—REVOCATION OF PROBATION—CONDITION OF PROBATION—TIMELINESS OF PAYMENT—JUDGE'S DISCRETION.

*Revocation of a defendant's probation on the sole ground that he failed to make a required monthly payment as a condition of probation was an abuse of discretion where the probation officer waived the timeliness of the payment and later prevented the defendant from making payment by refusing to accept.*

Appeal from Tuscola, Norman A. Baguley, J. Submitted April 14, 1976, at Lansing. (Docket No. 22631.) Decided October 18, 1976.

Dean A. Emery was convicted, on his plea of guilty, of larceny in a building, and sentenced to a term of probation. Defendant was charged with violation of probation. Probation was revoked and defendant was sentenced to a term of imprisonment. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *George Holmes,* Prosecuting Attorney (Prosecuting Attorneys Appellate Service, *Dennis M. Powers,* Assistant Attorney General, of counsel), for the People.

*Henry L. Greenwood,* for defendant.

Before: DANHOF, C. J., and QUINN and M. F. CAVANAGH, JJ.

DANHOF, C. J. The defendant was convicted, on his plea of guilty, of larceny in a building, contrary to MCLA 750.360; MSA 28.592. He was sentenced to a term of probation as a result. On August 26, 1974 he was found in violation of the terms of that probation and sentenced to a term of imprisonment of from two to four years.

Defendant first requests that we examine the

validity of the underlying plea of guilty. This we decline to do, the time for taking such an appeal having long since expired. *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974).

The defendant was placed initially on probation for a term of three years. The prison term followed a hearing on the violation of probation for failure of the defendant to make certain monthly payments which were part of his probation terms. The record supports the revocation, indicating that although he was in a position to do so, the defendant failed to make the monthly payments as stated.

Defendant also claims that he was entitled to review the presentence report. The record discloses that the presentence report was given to the defendant's attorney as required by GCR 1963, 785.12.

Defendant's last contention, concerning sentence credit, has been decided adversely to defendant in *People v Jaynes,* 23 Mich App 360; 178 NW2d 558 (1970).

Affirmed.

QUINN, J., concurred.

M. F. CAVANAGH, J. *(dissenting).* I must dissent. Although the sentencing judge is permitted broad discretion in probation matters, *People v Gallagher,* 55 Mich App 613, 620; 223 NW2d 92 (1974), the decision whether to terminate or revoke probation must be on the basis of the alleged probation violation alone. *People v Elbert,* 21 Mich App 677, 681; 176 NW2d 467 (1970). The sole ground for revocation in this cause was the defendant's failure to pay the July, 1974, installment. However, by his action of August 1, the probation officer

waived the timeliness of payment of the July installment and the defendant was prevented from making a timely payment later in August only by the probation officer's refusal to accept. Thus, there could be no violation of a prior waived condition of timeliness.

For this reason, I would hold the revocation of probation to be an abuse of discretion and would reverse.