STATE of South Dakota, Plaintiff
and Appellee,

v.

Bernie PETTIS, Defendant
and Appellant.

No. 13913.

Supreme Court of South Dakota.

Considered on Briefs March 24, 1983.

Decided May 4, 1983.

Douglas E. Kludt, Asst. Atty. Gen., Pierre, for plaintiff and appellee. Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Steven P. Schwafel, Rapid City, for defendant and appellant.

HENDERSON, Justice.

## ACTION

Appellant Pettis was arrested on two charges of distributing less than one-half pound of marijuana in violation of SDCL 22–42–7. Per plea bargain on June 29, 1982, appellant Pettis pleaded guilty to one charge of marijuana distribution, the other charge being dismissed. Appellant Pettis was sentenced to two years' imprisonment and fined $2,000.00 with execution of the sentence suspended on the condition that appellant comply with the trial court's terms of probation. We affirm.

## FACTS

Upon appellant Pettis' plea of guilty, the trial court sentenced appellant Pettis to the maximum term and fine allowable for a Class 6 felony. Thereafter, the trial court suspended execution of the sentence and placed appellant Pettis on probation with several conditions. This appeal is based upon alleged errors in the following conditions of probation and judgment:

5. That the defendant pay the Two Thousand Dollars ($2,000.00) fine and satisfy the Four Thousand Six Hundred Ninety Dollars and Thirty-Four Cents ($4,690.34) Child Support Judgment within ninety (90) days from this date;

6. If after seventy-five (75) days from this date the defendant is unable to pay the Two Thousand Dollars ($2,000.00) fine and Four Thousand Six Hundred Ninety Dollars and Thirty-Four Cents ($4,690.34) Child Support Judgment without borrowing or liquidating assets, the Court will permit the defendant to transfer title of his trailer, Cadillac, guns, and Scout to the Pennington County Sheriff's Office for sale with the proceeds of the sale to be applied against the fine and the Judgment. In the event this happens, defend-

ant will surrender the above-mentioned items in the substantially same condition they exist today without alteration[.]

## ISSUES

### I.

DID THE TRIAL COURT ERR WHEN, UPON A SUSPENDED EXECUTION OF SENTENCE AND CONDITION OF PROBATION, IT ORDERED APPELLANT TO PAY A JUDGMENT FOR CHILD SUPPORT ARREARAGES WITHIN NINETY DAYS? WE HOLD THAT IT DID NOT.

### II.

WERE THE CONDITIONS OF PROBATION VIOLATIVE OF APPELLANT'S HOMESTEAD RIGHTS? WE HOLD THAT THEY WERE NOT.

### III.

WAS THE TRIAL COURT IN ERROR BY ORDERING APPELLANT, AS A CONDITION OF PROBATION, TO PAY HIS FINE WITHIN NINETY DAYS? WE HOLD THAT IT WAS NOT.

## DECISION

### I.

Trial courts in South Dakota are authorized to suspend execution of sentences under SDCL 23A–27–18 which provides:

Upon conviction of any misdemeanor or upon the first conviction in this state of a felony, the court having jurisdiction to try the offense may suspend the execution of any sentence imposed during good behavior, subject to such conditions or restitutions as the court may impose. The suspension order or judgment can be made only by the court in which the conviction occurred.

We interpreted the predecessor to SDCL 23A–27–18 in *Application of Jerrel,* 77 S.D. 487, 492, 93 N.W.2d 614, 617 (1958), wherein we quoted *State ex rel. Caldwell v. Skinner,*

59 S.D. 68, 74–5, 238 N.W. 149, 152 (1931), which held:

> "The trial judge may act in the matter entirely upon his own motion, or if he sees fit he may doubtless act upon the suggestion or request of either the defendant or the state; but the entire matter is intrusted to his discretion. He may in his discretion refuse in any case to suspend sentence, and it is equally discretionary with him, we think, whether or not he will hear and entertain an application for suspension. So far as any individual defendant is concerned, suspension of sentence is a mere act of grace. He has no legal right under our statute either to be granted suspension or to apply therefor and be heard."

*See also, State v. Jackson,* 272 N.W.2d 102, 104 (S.D.1978).

In *State v. Elder,* 77 S.D. 540, 544, 95 N.W.2d 592, 594 (1959), we held that probation is a privilege, and quoting *Burns v. United States,* 287 U.S. 216, 220, 53 S.Ct. 154, 155, 77 L.Ed. 266, 268–9 (1932), we further held:

> "[T]he defendant stands convicted; he faces punishment and cannot insist on terms or strike a bargain. To accomplish the purpose of the statute, an exceptional degree of flexibility in administration is essential. It is necessary to individualize each case, to give that careful, humane, and comprehensive consideration to the particular situation of each offender which would be possible only in the exercise of a broad discretion".

This same theme was expanded in *White Eagle v. State,* 280 N.W.2d 659, 661 (S.D. 1979): "Conditions of probation may be tailored to suit the needs, practicalities and realities of each case to better serve the defendant and the public." Essential to the process of establishing probation conditions is an exceptional degree of flexibility. *State v. Ripperger,* 284 N.W.2d 877, 878 (S.D.1979). This Court's review of conditions of probation is an inquiry to see if those conditions are legal and reasonable. *White Eagle,* 280 N.W.2d at 660. SDCL 23A–27–18 empowers trial courts with a

wide latitude of discretion in imposing conditions of probation. As *White Eagle* holds, it is not unbridled.

Several courts have held that payment of child support obligations can be a condition of probation. A recent expression is *People v. Ford,* 95 Mich.App. 608, 291 N.W.2d 140 (1980), wherein the defendant entered a plea of guilty to an unarmed robbery charge and was placed on probation with the condition that defendant pay his child support. Defendant appealed and the Michigan Court held: "There is nothing inherently wrong with imposing child support or costs as probation conditions." *Ford,* 291 N.W.2d at 142. *See also, Fuller v. Oregon,* 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974); *People v. Emery,* 71 Mich.App. 556, 248 N.W.2d 619 (1976); *People v. Hill,* 69 Mich.App. 41, 244 N.W.2d 357 (1976); *State v. Jackson,* 226 N.C. 66, 36 S.E.2d 706 (1946); *Ex parte McClane,* 129 Kan. 739, 284 P. 365 (1930); *Swanson v. State,* 38 Ga.App. 386, 144 S.E. 49 (1928); *State v. Teal,* 108 S.C. 455, 95 S.E. 69 (1918).

We hold that South Dakota courts have the authority pursuant to SDCL 23A–27–18 to require payment of child support obligations as a condition of probation.

We next turn to the reasonableness of the child support conditions of appellant Pettis' probation. Appellant Pettis' assets consisted of a trailer house valued at $8,000.00, a 1967 truck valued at $200.00, a 1967 Cadillac valued at $700.00, $500.00 in personal property, $600.00 in guns, and $70.00 cash. Appellant Pettis owed debts of $1,440.00 to two credit institutions and his attorney. Therefore, appellant Pettis' net worth was approximately $8,630.00. Conditions of appellant Pettis' probation required him to pay within ninety days $4,690.34 child support, a $2,000.00 fine, and reimburse $270.00 to the Division of Criminal Investigation Drug Fund.

Unquestionably, the impact of appellant Pettis' conditions of probation were harsh. It is clear the trial court structured the probation to punish appellant Pettis in a manner that he would understand, namely to strike at his pocketbook. As the trial

court stated at sentencing: "It appears to me as though money was your incentive or your inducement. I tried to make the punishment such that it will discourage you from dealing or getting involved in this again." The trial court later told appellant Pettis: "I hope by means of this type of punishment you realize that the money that you gained from selling the drugs was far exceeded by the cost to you."

Appellant Pettis was a drug dealer. Selling drugs is a harsh and unsavory business. Many drug dealers make handsome profits from their endeavors. Drug abuse has devastated countless American youth to include young South Dakotans. Drugs are a peril to our society. Our legislature, recognizing this, made appellant Pettis' abhorrent conduct a felony—a harsh crime. We further note there were other terms and conditions of the probation such as (1) remaining gainfully employed and supporting appellant's dependents, (2) not to use or possess firearms, (3) refrain from using or possessing drugs or associating with persons known to be users or dealers of controlled drugs, (4) submission of self to various tests of his breath, blood, urine when requested by law enforcement officers, (5) requirement of 240 hours' work per year in a community service program, and (6) obeying all laws and remaining on good behavior. Hippocrates once declared: "Extreme remedies are very appropriate for extreme diseases." The trial court individualized the sentence and conditions of probation to fit the crime and we cannot say it was illegal or unreasonable. We therefore affirm the judgment of the trial court on this issue.

## II.

■ Appellant Pettis asserts that the conditions of his probation violated his South Dakota Homestead Rights. As authority, appellant Pettis presents SDCL 23A–27–2 which provides: "No conviction of any person for a public offense works

any forfeiture of any property except in cases in which a forfeiture is expressly imposed by law." SDCL 43–45–10 also provides: "No property, except the homestead and other exemptions made absolute, shall be exempt from levy, seizure, and sale by virtue of any final writ or process issued on a judgment for fines, penalties, or costs of criminal prosecutions."

Appellant Pettis' probation terms neither envisioned nor required the institution of an action for forfeiture of his homestead. *State v. Miller,* 248 N.W.2d 377 (S.D.1976), which involved an actual forfeiture is inapposite. It cannot be overemphasized that appellant Pettis was *not* required to transfer the title of his trailer house to the sheriff. The trial court directed appellant Pettis to accomplish the conditions of his probation. It was left to appellant Pettis' discretion as to how to meet his obligations. If appellant Pettis' probation conditions could not be satisfied in any other manner, the trial court provided him with an *option* to liquidate his assets at a judicial sale.

■ Essentially, the trial court provided appellant Pettis with an escape hatch to avoid incarceration if he could not obtain financing or otherwise meet his obligations. At the time of sentencing, appellant Pettis was employed at a job that he had held for over twelve years. Appellant Pettis told the court that if he were not incarcerated, his employer would allow him to remain employed. It is doubtful that appellant Pettis resorted to the court's option as appellant Pettis stated at sentencing that he was certain that he could generate the funds necessary to meet his obligations as he could easily sell his guns and trailer house.*

■ "The right of homestead is not, under the laws of this state, an estate in land, but is a mere privilege granted by the Legislature . . . ." *In re Clouse's Estate,* 63

---

* We South Dakotans must generate a great deal of tax money every year to meet our obligation of offsetting the detriment caused by appellant Pettis and other drug dealers. For fiscal year 1983, our legislature has appropriated a stag-

gering $1,365,771.00 for the Drug and Alcohol Abuse Division. *See* 57th Legislative Session, General Appropriations Bill, Senate Bill 245, page 86, line 3, of which we take judicial notice.

S.D. 147, 150, 257 N.W. 106, 108 (1934). Homestead rights may be waived just as any other right. *Schutterle v. Schutterle,* 260 N.W.2d 341 (S.D.1977); *see also, Smith v. Tang,* 100 Ariz. 196, 412 P.2d 697 (1966); *In re Moore's Estate,* 210 Or. 23, 307 P.2d 483 (1957). Neither appellant Pettis nor his counsel objected at sentencing to the conditions of probation. In fact, appellant Pettis showed a complete willingness at sentencing to comply with his conditions of probation and work with the sentencing court. The transcript reflects the following colloquy:

THE COURT: Do you want to take your two years in the penitentiary and be done with me or do you want me to work out something else by way of your sentence?

THE DEFENDANT: Pardon? I don't understand.

THE COURT: Do you want to take your two years in the penitentiary or do you want me to work out something else for your sentence?

THE DEFENDANT: I would like to try and work something out, if I could. I guarantee it will never happen again.

Even if appellant Pettis had to take the judicial sale option and had not waived his homestead rights, other jurisdictions have held that the homestead rights must yield. In the recent case of *State v. Smith,* 129 Ariz. 28, 628 P.2d 65 (1981), the Arizona Court held that the imposition of a homestead waiver as a condition of probation was not against public policy nor an illegal condition of probation. Likewise, a Texas Court has held that homestead rights must yield to the public policy embodied in its criminal codes. *1018–3rd Street v. State,* 331 S.W.2d 450 (Tex.Civ.App.1959). However, it is unnecessary for us to decide on the basis used by Arizona and Texas as the facts of this case have not confronted us with a homestead forfeiture. Appellant Pettis' homestead rights were not violated by the terms of his probation.

### III.

Appellant Pettis lastly contends that it was unreasonable to require him to pay a $2,000.00 fine within ninety days of judgment. As mentioned above, our reasonableness standard stems from *White Eagle,* 280 N.W.2d 659.

Appellant Pettis was convicted of selling drugs for profit. The trial court expressly determined that appellant Pettis had the resources and the ability to pay his fine within ninety days. In *State v. Ledder,* 31 Or.App. 487, 570 P.2d 994 (1977), the Oregon Court of Appeals held that a condition of probation requiring defendant to repay $18,000.00 in ninety days was not unreasonable where the defendant maintained the fruits of the crime. We find the trial court's probation conditions requiring payment of a $2,000.00 fine within ninety days of judgment as being reasonable. Appellant Pettis was in a reprehensible business and should not be heard to complain of his conditions of probation. Appellant's probation gave him freedom at a cost.

We have reviewed the other issues raised herein and find them nonmeritorious.

Affirmed.

All the Justices concur.