STATE OF NEBRASKA, APPELLEE, V.
ANSELM MCCRIMON, APPELLANT.

729 N.W.2d 682

Filed March 20, 2007. No. A-06-492.

Ann C. Addison-Wageman, of Wageman & Whitworth, for appellant.

Jon Bruning, Attorney General, and George R. Love for appellee.

IRWIN, SIEVERS, and CARLSON, Judges.

IRWIN, Judge.

## I. INTRODUCTION

Anselm McCrimon appeals the sentence imposed following his plea of guilty to aiding and abetting a fraudulent insurance act. He asserts that the district court abused its discretion in imposing the following probation condition: "Effective June 1, 2006, and on the first day of each month thereafter, [McCrimon] shall make minimum child support payments of $200.00 per month toward child support arrearage. Failure to pay any monthly payment as required shall constitute a violation of probation." Because this term of the probation order is reasonable and statutorily authorized, we find no abuse of discretion by the trial court and affirm.

## II. BACKGROUND

McCrimon was initially charged with one count of aiding and abetting insurance fraud, a Class III felony. The evidence indicated that McCrimon and his girlfriend filed a fraudulent insurance claim and that as a result, the insurance company involved suffered a loss of $6,296.75. In exchange for McCrimon's plea of guilty, the State agreed to reduce the charge of aiding and abetting insurance fraud to a Class I misdemeanor.

At the sentencing hearing, the court stated that it had reviewed the presentence investigation (PSI) report and that because

McCrimon had a prior criminal history, he would be sentenced to intensive supervision probation. The intensive supervision probation order contained the provision, "Effective June 1, 2006, and on the first day of each month thereafter, [McCrimon] shall make minimum child support payments of $200.00 per month toward child support arrearage. Failure to pay any monthly payment as required shall constitute a violation of probation." McCrimon timely filed this appeal.

## III. ASSIGNMENTS OF ERROR

McCrimon asserts that the district court abused its discretion in imposing a term of probation that McCrimon make minimum monthly payments of $200 toward his child support arrearages. McCrimon further asserts that the district court erred in imposing the probation term that "[f]ailure to pay any monthly payment as required shall constitute a violation of probation."

## IV. ANALYSIS

McCrimon challenges the trial court's imposed probation term requiring him to pay $200 toward his child support arrearages. Because the imposed probation term is reasonable and authorized by statute, we find that the trial court did not abuse its discretion in ordering McCrimon to make such payments.

■ A sentence imposed within the statutory limits will not be disturbed upon appeal in the absence of an abuse of discretion by the trial court. *State v. Wood*, 245 Neb. 63, 511 N.W.2d 90 (1994); *State v. Hand*, 244 Neb. 437, 507 N.W.2d 285 (1993); *State v. Ellen*, 243 Neb. 522, 500 N.W.2d 818 (1993). When a court sentences a defendant to probation, it may impose any conditions of probation that are authorized by statute. *State v. Escamilla*, 237 Neb. 647, 467 N.W.2d 59 (1991). Neb. Rev. Stat. § 29-2262 (Cum. Supp. 2004) provides, in relevant part:

> (1) When a court sentences an offender to probation, it shall attach such reasonable conditions as it deems necessary or likely to insure that the offender will lead a law-abiding life. . . .
>
> (2) The court may, as a condition of a sentence of probation, require the offender:
>
> . . . .
>
> (c) To meet his or her family responsibilities.

Courts in other jurisdictions have held that child support payments are a proper condition of probation for an adult criminal defendant where the criminal conviction is unrelated to the condition of support. See, *State v. Miller*, 283 Wis. 2d 465, 701 N.W.2d 47 (Wis. App. 2005); *Darby v. State*, 230 Ga. App. 32, 495 S.E.2d 146 (1997); *Brown v. U.S.*, 579 A.2d 1158 (D.C. 1990); *State v. Shaver*, 233 Mont. 438, 760 P.2d 1230 (1988), *modified on other grounds, State v. Licht*, 266 Mont. 123, 879 P.2d 670 (1994); *Ward v. State*, 511 So. 2d 1109 (Fla. App. 1987); *State v. Pettis*, 333 N.W.2d 717 (S.D. 1983).

■ In the present case, the trial court imposed the probation condition that McCrimon make minimum child support payments of $200 per month toward his child support arrearages. Supporting one's child is unquestionably a family responsibility; therefore, we find that requiring a probationer to pay child support is statutorily authorized under § 29-2262(2)(c).

We now turn to whether the amount McCrimon is required to pay for child support is reasonable. We must make this determination because § 29-2262(1) requires that all probation terms be reasonable and because McCrimon argues that the $200-per-month requirement is not reasonable in that he was unable to pay such amount at the time of sentencing. We find no merit to this argument.

In the South Dakota case *State v. Pettis, supra*, the defendant pled guilty to one charge of marijuana distribution, and he was sentenced to 2 years' imprisonment. The execution of sentence was suspended on the condition that the defendant comply with the trial court's terms of probation, which required the defendant to pay a $2,000 fine and satisfy a $4,690.34 child support judgment within 90 days. Although the defendant's net worth was approximately $8,630, the South Dakota Supreme Court found no error in requiring the defendant to pay $6,690.34 in child support and fines, because "[t]he trial court individualized the sentence and conditions of probation to fit the crime." 333 N.W.2d at 720.

In the instant case, the PSI report indicates that although McCrimon is indebted to the State of Illinois for $10,000 regarding child support arrearages and is obligated to pay $500 per month toward those arrearages, he is not currently making

payments. The PSI report indicates that McCrimon was "quite evasive" regarding his present employment. He indicated that he is self-employed and makes approximately $500 per month fixing and selling items such as snowblowers, lawnmowers, and computer parts. He listed a "1985 Honda Goldwing" with an estimated value of $4,500 as his sole asset. The trial court acknowledged that it had reviewed the PSI report prior to imposing its sentence. Like the situation in *State v. Pettis, supra,* although the impact of the probation order in the instant case may be harsh, it is not unreasonable to expect McCrimon to pay his preexisting child support obligation when he currently has an income and some assets. Additionally, the impact of the probation term may help ensure that McCrimon maintains steady employment and fulfills his family responsibilities.

Finally, we address McCrimon's further assertion that the district court erred in imposing the probation term that "[f]ailure to pay any monthly payment as required shall constitute a violation of probation."

Were McCrimon to be charged with violating his probation for failing to pay $200 per month toward his child support arrearages, he is not without a remedy if he is unable to pay because of a lack of resources. Once probation is imposed, the defendant's ability to pay must be considered before a court can revoke the probation and impose a jail term for violating a probation condition requiring payments. *State v. Englehart,* 231 Neb. 579, 437 N.W.2d 468 (1989). The sentencing court must find the probationer failed to make sufficient bona fide efforts to make the required payments. *Id.* If the failure is willful, probation can be revoked and a jail sentence imposed within the sentencing range allowed by law for the original offense. *Id.* If the court finds the probationer made sufficient efforts to satisfy the probation conditions, the court can order imprisonment only if it finds alternative punishments are not adequate to satisfy the State's interests in punishment and deterrence. *Bearden v. Georgia,* 461 U.S. 660, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983); *State v. Englehart, supra.* See, also, *State v. Heaton,* 225 Neb. 702, 407 N.W.2d 780 (1987). As such, should McCrimon be unable to pay $200 per month in child support, the trial court cannot revoke his probation and impose a prison term until it finds that his failure

to pay is willful or that alternative punishments are not adequate to satisfy the State's interests in punishment and deterrence.

Because the imposed probation term is reasonable and statutorily authorized, we find that the trial court did not abuse its discretion.

### V. CONCLUSION

We conclude that the district court did not abuse its discretion in imposing a probation term that requires McCrimon to pay $200 per month in child support and that provides that failure to pay constitutes a violation of probation.

AFFIRMED.