Larry Dale POLK, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 15, 1981.

Rehearing Denied July 24, 1981.

Discretionary Review Denied Oct. 27, 1981.

Bruce P. Hackett, Asst. Dist. Defender, Jefferson Dist. Public Defender, Louisville, for appellant.

Steven L. Beshear, Atty. Gen., Alan J. George, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, GANT, and HOGGE, JJ.

COOPER, Judge.

This is an appeal from an order of the trial court's revoking the appellant's probation, which sentenced him to five years' imprisonment. The appellant raises a number of issues; however, the main issue is whether the conditions of the probation and the procedures followed revoking same were improper. We affirm the trial court.

On the evening of January 17, 1979, an altercation occurred involving several persons armed with deadly weapons including a club, ballbat, shotgun, and knife. As a result of the incident, Richard Casey was shot in the legs. The appellant, Larry Dale Polk, was arrested and charged with assault in the first degree. The grand jury indicted the appellant of wanton assault in the first degree. On his arraignment, he was represented by a privately retained counsel.

On the day of trial, the appellant's counsel and the prosecutor negotiated a settlement in which the appellant was to enter a plea of guilty to wanton endangerment in the first degree, and pay "restitution of $10,000 over a period of five years" to the victim. A number of other conditions were also included. As part of the conditions of probation, the appellant was required to make restitution in monthly installments of $167.00. Under the agreement, nonpayment of restitution or claiming bankruptcy would be a basis for revocation of probation. All of this was approved by the trial court.

After a number of delays, the appellant made two payments of $167.00 to the Receiver of the Jefferson Circuit Court. The appellant ceased making the payments, and the Commonwealth filed a motion to revoke the probation on July 16, 1980, stating as grounds that he had consistently failed to maintain the scheduled payments. A hearing was set for August 15, when the appellant appeared without counsel, and the trial court ordered that the matter be passed to August 26. The Jefferson District Public Defender was appointed to represent him on August 21.

The appellant and his counsel appeared at the August 26 hearing. The Commonwealth presented evidence that he was delinquent in his payments as agreed to in the original condition of probation. Questions arose as to the appellant's financial difficulties, among those were his supporting a wife and four children, and his work being irregular. As the trial court and the attorneys were discussing the possibilities, or the options, they had in the matter, the appellant told the trial court that he would "rather take the time in the penitentiary." The trial court then revoked the five-year probation and imposed a five-year sentence of imprisonment.

■ The appellant argues that the procedures followed in the probation and the conditions were improper. One of the main conditions that he now objects to is making restitution of $10,000 to be paid in monthly installments of $167.00. This pretrial arrangement was part of plea-bargaining; was agreed to by the appellant and the Commonwealth; and later approved by the trial court. KRS 533.010(1) provides that any person who has been convicted of a crime and not sentenced to death may be sentenced to probation. The approval of an agreement of this type is based on the sound discretion of the trial court, and there is no proof in the record which would indicate that it abused its discretion in agreeing to this condition.

■ The appellant claims his probation was revoked because of his inability, rather than his refusal, to pay. There is a question as to the amount of time the appellant worked during this period. When he became unemployed in February, he contacted his probation officer regarding his situation. The trial court accepted the probation report and deferred payments. After his returning to work, there was a breakdown in the relationship between the appellant and his probation officer. We find that the appellant's failure to make the payments resulted from his refusal, not his inability, to do so.

■ The appellant contends that the state cannot constitutionally imprison persons solely because of nonpayment of fines. He cites *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and various other cases along the same line. Under the above cited case, he argues that a court must suspend fines until an indigent defendant is able to pay, rather than incarcerate him. With this we agree. However, in the case at bar, the appellant made a firm commitment as a condition to his probation that a certain sum would be paid rather than his going to prison. This is a different situation from a fine imposed by a court. It was the understanding of all parties concerned that if the conditions of probation were not met, the probation would be revoked. Indigency has no application here.

■ The appellant alleges that the trial court denied him procedural due process of law under the United States and the Kentucky Constitutions. He cites the cases of *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). The United States Supreme Court establishes minimum due process requirements of a parole or probation revocation proceeding. The appellant's fact situation was unlike those in the cases cited by him. He was not under arrest, nor had the person who instigated the revocation determined that summons be issued. He came to this hearing fully aware of and ready to show cause why his probation should not be revoked, but was unable to do so. This resulted from his own error, not a denial of procedural due process. In light of *Murphy v. Commonwealth*, Ky.App., 551 S.W.2d 838 (1977), the appellant suffered no deprivation of procedural due process.

■ Finally, the appellant contends that the Commonwealth failed to meet its burden of proof at the revocation hearing. A review of the record reveals that there was ample proof to sustain the trial court.

The judgment is affirmed.

All concur.