Theodore Knoebber, Newport, for appellant.

Michael L. Williams, Sp. Asst. Atty. Gen., Newport, for appellee.

Before LESTER, WHITE, and WILHOIT, JJ.

WILHOIT, Judge.

Vicki Mauk was convicted and sentenced for facilitation of the sale of marijuana and for facilitation of the sale of LSD. As a condition of her release from confinement on shock probation, she was required to pay her fines and court costs, totalling $1,217.50. Miss Mauk was released from custody on January 4, 1984; following a hearing on February 3, 1984, the Campbell District Court ordered Miss Mauk recommitted when she had failed to make payment by that date. Miss Mauk asserted inability to pay the amount due because of indigency. On appeal, the Campbell Circuit Court affirmed the district court's revocation of Miss Mauk's conditional release. A motion for discretionary review was granted by this Court.

**Vickie MAUK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 6, 1985.

Although the procedural circumstances through which the movant's conditional discharge arose in this case are somewhat different from the situation of the defendant in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), the posture of the movant at the time of the revocation of her probation is so analogous with that of the defendant in *Bearden* that we believe its principles are controlling here. In *Bearden,* the United States Supreme Court held:

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternative measures of punishment other than imprisonment. Only if alternative measures are not adequate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

461 U.S. at 672–73, 103 S.Ct. at 2072–3, 76 L.Ed.2d at 233. Having elected to grant the movant shock probation under KRS 439.267 on the condition that she pay her fines and costs and having extended the time for payment of this sum for a month after her release, the district court was required to make the inquiry mandated by *Bearden, supra,* before it could recommit the movant for failure to pay the amount

due. *See also Black v. Romano,* 471 U.S. ——, 105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). There is nothing in the orders appealed from to indicate that the district court considered these factors in revoking the movant's conditional discharge.

The earlier cases of *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), and *Williams v. Illinois,* 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), were cited to the district and circuit courts and are relied upon here. Inasmuch as the United States Supreme Court considered and analyzed these decisions in reaching its result in *Bearden,* we see no point in duplicating that discussion in this opinion.

The judgment of the circuit court is reversed with directions to remand the matter to the district court for further proceedings, if necessary,[1] consistent with this opinion.

All concur.

---

1. The movant's statement of appeal and brief recite that she has completed service of her sentence. Because of the nature of the question presented and the likelihood of its recurrence, we do not deem this case to have been rendered moot by this change of circumstances in light of the public interest involved. *See Brown v. Baumer,* 301 Ky. 315, 191 S.W.2d 235 (1945).