**Joe Paul GAMBLE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 2008–CA–000015–MR.

Court of Appeals of Kentucky.

June 5, 2009.

Kathleen Schmidt, Frankfort, KY, for appellant.

Jack Conway, Attorney General of Kentucky, Tami Allen Stetler, Assistant Attorney General, Frankfort, KY, for appellee.

Before COMBS, Chief Judge; ACREE, Judge; BUCKINGHAM,[1] Senior Judge.

## OPINION

BUCKINGHAM, Senior Judge.

Joe Paul Gamble appeals from an order of the Graves Circuit Court that revoked

---

1. Senior Judge David C. Buckingham sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

the conditional discharge [2] he received in lieu of a five-year prison term for the criminal offense of flagrant nonsupport. He contends that his constitutional rights were violated when the circuit court failed to inquire into the reasons for his nonpayment. He also argues that the court's findings of fact were insufficient. We affirm.

Gamble entered a plea of guilty to one count of flagrant nonsupport on May 6, 2002. *See* KRS 530.050(2). He was sentenced pursuant to the terms of his plea agreement to five years' imprisonment, which was discharged on the condition that he pay child support in the amount of $131 per month plus $144 per month toward the arrearage that then totaled $8,598.72.

On October 25, 2004, the Commonwealth sought to have Gamble's conditional discharge revoked. At that time, Gamble was incarcerated on other charges in Hickman County. The trial court denied the Commonwealth's motion but ordered Gamble to pay $1,000 against his arrearage that then stood at $10,709. Gamble paid the $1,000 with a cashier's check on July 11, 2005.

On January 30, 2007, the Commonwealth again moved to revoke the conditional discharge, and the court issued a bench warrant for Gamble's arrest. According to the Kentucky State Police report, Gamble was found after an individual informed authorities that Gamble was hiding out with a friend in an abandoned trailer.

A revocation hearing was held on December 3, 2007. The Commonwealth presented testimony from Claudette Lutz, an employee of the child support division of the Graves County Attorney's Office. She testified that Gamble had accumulated an additional arrearage of $5,390.58 since his sentencing date and that his total arrearage stood at $12,956.26. Lutz also testified that she was not positive about Gamble's work history for the previous year or so but that she thought he had been in and out of incarceration since 2002, although she did not know the exact dates. She further testified that she had implemented a wage assignment in August 2006 and that some of Gamble's payments were made but that payments had ceased in November. Lutz also stated that Gamble had made some payments in 2006, maybe a couple in 2005, but nothing other than that.

Gamble's defense counsel informed the court that his client would not testify based on his Fifth Amendment right to remain silent. He then argued that the Commonwealth had not presented any evidence of an intentional refusal on Gamble's part to pay child support, that the burden for presenting such evidence rested on the Commonwealth, and that revoking Gamble's conditional release would violate his due process rights in the absence of such evidence. The trial court found that Gamble had violated the conditions of his conditional release and granted the Commonwealth's motion to revoke his probation. This appeal followed.

The appellate standard of review of a decision to revoke a defendant's proba-

---

2. There is some confusion as to whether Gamble received a probated sentence or a conditionally discharged sentence. *See* KRS 533.020. The judgment and sentence on a plea of guilty stated that Gamble's sentence was probated for five years, but the accompanying "Order of Probation/Conditional Discharge" sentenced Gamble to a period of conditional discharge for five years. The order from which this appeal is taken is entitled "Order Revoking Probation." It appears nonetheless that this was a conditional discharge because Gamble was not released with supervision. *See Pedigo v. Commonwealth*, 644 S.W.2d 355, 358 (Ky.App.1982) ("For all purposes, except supervision, or the lack thereof, there is no difference between conditional discharge and probation").

tion is whether or not the trial court abused its discretion. *Tiryung v. Commonwealth,* 717 S.W.2d 503, 504 (Ky. App.1986). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky.1999). Generally, a trial court's decision revoking probation is not an abuse of discretion if there is evidence to support at least one probation violation. *Messer v. Commonwealth,* 754 S.W.2d 872, 873 (Ky.App. 1988).

*Lucas v. Commonwealth,* 258 S.W.3d 806, 807–08 (Ky.App.2008).

Gamble argues that the trial court abused its discretion and violated his due process rights under *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), when it revoked his conditional discharge without inquiring into the reasons for his failure to pay child support and without considering alternate punishments to incarceration.

In *Bearden,* the U.S. Supreme Court held that

> [I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay. If the probationer willfully refused to pay or failed to make sufficient bona fide efforts legally to acquire the resources to pay, the court may revoke probation and sentence the defendant to imprisonment within the authorized range of its sentencing authority. If the probationer could not pay despite sufficient bona fide efforts to acquire the resources to do so, the court must consider alternate measures of punishment other than imprisonment. Only if alternate measures are not ade-

quate to meet the State's interests in punishment and deterrence may the court imprison a probationer who has made sufficient bona fide efforts to pay. To do otherwise would deprive the probationer of his conditional freedom simply because, through no fault of his own, he cannot pay the fine. Such a deprivation would be contrary to the fundamental fairness required by the Fourteenth Amendment.

*Bearden,* 461 U.S. at 672–73, 103 S.Ct. at 2073.

The *Bearden* holding was applied by this court to a revocation of shock probation based on the failure to pay fines and costs, *see Mauk v. Commonwealth,* 700 S.W.2d 803, 804 (Ky.App.1985), and to a revocation of shock probation based on the failure to pay restitution, *see Clayborn v. Commonwealth,* 701 S.W.2d 413, 415 (Ky.App.1985). Gamble now asks that we extend *Bearden* to apply in the context of child support payments.

There is a factually similar unpublished opinion from this court that is not yet final. In that case, this Court held as follows:

> *Clayborn* and *Bearden* pertain to nonpayment of fines and restitution; by contrast, the case sub judice pertains to nonpayment of child support.... The distinction is pivotal. There is simply no legal authority requiring the circuit court to consider alternative forms of punishment when revoking probation or conditional discharge for failure to pay child support. As such, we do not believe the circuit court erroneously failed to consider alternative forms of punishment when revoking Marshall's conditional discharge.

*Marshall v. Commonwealth,* —— S.W.3d —— (Ky.App.2008).[3] *See also Jenkins v.*

---

**3.** Although the panel of this court in *Marshall* held that the trial court was not required to

*Commonwealth*, 2004 WL 360999 (Ky.App. 2004) (2002–CA–001041–MR) ("*Bearden* pertains to a defendant's nonpayment of court-imposed fines and restitution, not child support"). At this time, however, there is no published final decision from the appellate courts of this state that determines whether the *Bearden* principles apply to probation revocation based on failure to pay child support.

 "Restitution" is defined in KRS 532.350(1)(a) as "any form of compensation paid by a convicted person to a victim for counseling, medical expenses, lost wages due to injury, or property damage and other expenses suffered by a victim because of a criminal act." When a person commits the offense of flagrant nonsupport, he or she causes the party entitled to receive child support to incur expenses because of that criminal act. We believe that money owed for past due child support constitutes "restitution" within the meaning of the statute.[4] As such, before probation or conditional discharge may be revoked based on a failure to pay child support, the requirements of the *Bearden* case must be met.[5] Other jurisdictions support this view. *See State v. McCrimon*, 15 Neb.App. 452, 729 N.W.2d 682, 686 (2007); *State v. Archuleta*, 812 P.2d 80, 84 (Utah App.1991); *Greene v. District Court of Polk County*, 342 N.W.2d 818, 819–21 (Iowa 1983); *Brown v. U.S.*, 579 A.2d 1158, 1164 (D.C.1990).

 The trial court in this case, however, was effectively precluded from determining Gamble's reasons for failure to pay because Gamble stated he would not testify because it was his right under the Fifth Amendment to the U.S. Constitution not to do so. In *Childers v. Commonwealth*, 593 S.W.2d 80 (Ky.App.1979), the probationer in a revocation hearing sought to keep the Commonwealth from introducing into evidence a statement he had made to his probation officer on the ground that the statement violated his Fifth Amendment right against self-incrimination. Citing cases from the U.S. Supreme Court, this court held that defendants in probation and parole revocation hearings are "not entitled to the 'full panoply of rights' accorded one not yet convicted." *Id.* at 81. Thus, the court rejected the defendant's Fifth Amendment argument. *Id.*

In *State v. Cass*, 635 N.E.2d 225 (Ind. App.1994), the court faced the identical issue before us, an attempt by a defendant to assert Fifth Amendment rights in a revocation hearing. The court held as follows

> We agree with the State and conclude that a probationer is not entitled to the fifth amendment right against self-incrimination as afforded to a defendant in a criminal trial. However, a probationer is protected by the fifth amendment from answering any questions where those answers could be used against him or her in any subsequent criminal proceedings.

consider alternative forms of punishment when revoking probation or conditional discharge for failure to pay child support, it did not specifically reject the portion of the *Bearden* case that requires courts to inquire into the reasons for the probationer's failure to pay. We conclude that the *Marshall* court apparently intended to do so, however.

4. A portion of the child support that the conditional discharge order required Gamble to

make was for child support arrearages and a portion was for current support.

5. In short, we disagree with the panels of this court that held in the *Marshall* and *Jenkins* cases that failure to pay child support is treated differently under *Bearden* from failing to pay fines or restitution in probation revocation cases.

*Id.* at 226–27. We conclude that Gamble had no right to assert a Fifth Amendment privilege against self-incrimination in his probation revocation hearing in response to questions concerning why he had not paid past due child support.

Gamble argues that the burden of proof was on the Commonwealth to prove that he was able to pay but that he failed or refused to do so. Thus, Gamble contends that in the absence of such evidence, the court erred in revoking his probation.

 It is true that there is a burden on the Commonwealth in prosecutions of the criminal offense of flagrant nonsupport to prove that the defendant could "reasonably provide" such support. *See* KRS 530.050(2). "[T]he ability to provide support is an element of the offense of Flagrant Nonsupport and the Commonwealth thus bears the burden of proof as to that element." *Schoenbachler v. Commonwealth*, 95 S.W.3d 830, 836 (Ky.2003). Further, in probation revocation proceedings, the Commonwealth has a burden to prove by a preponderance of the evidence that the defendant violated the conditions of his or her probation. *Murphy v. Commonwealth*, 551 S.W.2d 838, 841 (Ky.App. 1977). The Commonwealth met its burden in this regard by submitting evidence that Gamble had violated the conditions of his probation by not paying his child support as had been ordered.

However, we have not been cited to any authority, nor do we know of any, that requires the Commonwealth to bear the burden of proving the reasons Gamble failed to make such payments. This is a matter that would be within the knowledge of Gamble himself. Although the *Bearden* case requires the court to "inquire into the reasons for failure to pay," the court here was unable to do so through no fault of its own because Gamble refused to testify.

There is another issue, that was not raised by the parties, that has a bearing on this question. The issue is whether the fact that Gamble had agreed in a plea agreement to pay child support as a condition of his probation has any impact on whether his probation may be revoked even if he is unable to pay. Several appellate courts in other jurisdictions have addressed this issue.

In *Dickey v. State*, 257 Ga.App. 190, 570 S.E.2d 634 (2002), the Georgia Court of Appeals distinguished *Bearden* and held as follows:

> In this case, we can discern no reason why Dickey should be entitled to the benefit of a probated sentence when he breached his agreement with the State. Again, unlike *Bearden*, Dickey was not involuntarily sentenced by the court to pay a fine as a condition of probation. Dickey negotiated payment of restitution to avoid what likely would have been significant time in prison. Having breached the plea agreement he negotiated, Dickey cannot now insist that he remain on probation and be excused from performance due to indigence. As pointed out by the court in *State v. Caballero* [464 So.2d 939 (La.App. 1985) ], "[t]o hold otherwise would permit defendants, either in good or bad faith, to bargain for payment of a fine in exchange for a suspended sentence, renege, and then avoid incarceration or any other punishment for the offense committed." We do not believe the Bearden Court intended such result. Accordingly, we find no merit in Dickey's argument that *Bearden* required the trial court to find he willfully refused to pay restitution before it revoked his probation. (footnotes omitted)

*Id.* at 637.

Likewise, the Supreme Court of North Dakota has held that *Bearden* does not

apply when restitution is made a condition of probation by a plea agreement, as opposed to restitution ordered upon the court's own initiative. *See State v. Nordahl*, 680 N.W.2d 247, 251–52 (N.D.2004). After noting that in *Bearden* "the defendant did not agree to the restitution as part of a plea agreement; rather, restitution was imposed by the court as a part of Bearden's sentence[,]" *id.* at 251, the *Nordahl* court explained that "allowing a defendant to avoid restitution by subsequently pleading indigency after entering into a valid plea agreement would cause a windfall to the defendant[.]" *Id.* at 253. *See also State v. Jacobsen*, 746 N.W.2d 405, 410–11 (N.D.2008).

In *Patton v. State*, 458 N.E.2d 657 (Ind. Ct.App.1984), the Indiana Court of Appeals affirmed a probation revocation where the defendant lost his job, could not find another one, and became unable to pay restitution pursuant to his plea agreement and probated sentence. The court distinguished *Bearden*, where the trial court had imposed the conditions on the defendant, and held that the defendant "knew better than anyone whether he had the ability to raise money, and the risk he ran if he did not." *Id.* at 660.

In *Commonwealth v. Payne*, 33 Mass. App.Ct. 553, 602 N.E.2d 594 (1992), the court affirmed a probation revocation for failure to pay restitution pursuant to a plea agreement and held as follows:

> Here, the plea bargain itself was tantamount to a representation by Payne that he could pay the restitution. Otherwise there would have been no bargain, and sentencing, assuming he were found guilty, would have taken its normal course.

*Id.* at 597.

■ In this case, Gamble knowingly and voluntarily entered his plea of guilty wherein he undertook to make child support payments in exchange for a conditional discharge. There was no provision in the agreement or order of judgment that this requirement would be lifted if he was unable to pay. "Courts have recognized that accepted plea bargains are binding contracts between the government and defendants." *Hensley v. Commonwealth*, 217 S.W.3d 885, 887 (Ky.App.2007). "A defendant who materially fails to perform the agreement, however, is not entitled to enforce performance by the Commonwealth." *Id.* (citation omitted).

In *Polk v. Commonwealth*, 622 S.W.2d 223 (Ky.App.1981), this court followed the view of the above-mentioned courts and affirmed the revocation of probation based on failure to pay restitution, holding that "[i]ndigency has no application here" because the defendant had "made a firm commitment as a condition to his probation that a certain sum would be paid rather than his going to prison." *Id.* at 225. *Polk* was decided before *Bearden*. For this reason and because the parties have not raised this issue, we decline to decide the case on this basis.

■ At any rate, we find no error in the court's revocation of Gamble's probation. Omitting the plea agreement issue and assuming the trial court was required to follow *Bearden* principles and inquire into the reasons for Gamble's failure to pay, it was effectively precluded from doing so in this case because Gamble refused to testify. The trial court did not abuse its discretion. *See Tiryung, supra*.

■ Gamble also argues that the trial court's findings of fact were insufficient to meet the minimal standards of due process. The trial court's order stated in pertinent part as follows:

> This matter is now before the Court on motion of the Commonwealth to revoke the Defendant's probation on grounds of

violation of the terms of probation by failing to pay child support as ordered. The Defendant appeared in Court with counsel, and the Court having heard testimony and being sufficiently advised from the record, finds that the Defendant has violated the conditions of probation.

KRS 533.050(2) provides that "[t]he court may not revoke or modify the conditions of a sentence of probation or conditional discharge except after a hearing with defendant represented by counsel and following a written notice of the grounds for revocation or modification." The minimal due process requirements applicable to a probation revocation proceeding are as follows:

> (a) written notice of the claimed violations of [probation]; (b) disclosure to the [probationer] of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation].

*Robinson v. Commonwealth,* 86 S.W.3d 54, 56 (Ky.App.2002) (quoting *Morrissey v. Brewer,* 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972)).

Gamble contends that his due process rights were violated because the trial court's findings of fact failed to set forth its reasons for ruling that he had violated the terms of his conditional discharge. It is abundantly clear, however, that Gamble was given notice of the single reason for the revocation hearing and, being present to hear the Commonwealth's evidence and the oral comments of the trial judge following the hearing, understood that his probation was revoked due to his failure to pay child support. Under these circumstances, we conclude that Gamble's due process rights were not violated. *See United States v. Copley,* 978 F.2d 829, 831–32 (4th Cir.1992); *United States v. Gilbert,* 990 F.2d 916, 917 (6th Cir.1993); *United States v. Copeland,* 20 F.3d 412, 414–15 (11th Cir.1994); *McCoo v. State,* 921 So.2d 450, 462 (Ala.2005).[6]

The order of the Graves Circuit Court revoking Gamble's probation is affirmed.

ALL CONCUR.

---

6. Our view is supported by an opinion of this court designated for publication that is currently before the Kentucky Supreme Court on motion for discretionary review, *Moore v. Commonwealth,* — S.W.3d —— (Ky.App. 2008). Therein, a panel of this court held that "[w]e hold that the law as expressed in the federal Courts of Appeal should be the law in Kentucky, and therefore we adopt the legal proposition that oral findings made by a trial court shall be sufficient to meet the written findings requirement of *Morrissey,* so long as the record of the oral findings is sufficient for due process purposes to permit the parties and the reviewing court to ascertain the basis of the trial court's decision."