Joseph BOWLIN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

No. 2009–CA–001956–MR.

Court of Appeals of Kentucky.

Jan. 6, 2012.

Linda Roberts Horsman, Assistant Public Advocate, Frankfort, KY, for Appellant.

Jack Conway, Attorney General of Kentucky, Julie Scott Jernigan, Assistant Attorney General, Frankfort, KY, for Appellee.

Before CAPERTON, KELLER, and LAMBERT, Judges.

## OPINION AND ORDER

LAMBERT, Judge:

Joseph Bowlin appeals from the order of the Gallatin Circuit Court revoking his conditional discharge and imposing a five-year sentence for his conviction for flagrant nonsupport. Based upon the Supreme Court of Kentucky's recent opinion of *Commonwealth v. Marshall,* 345 S.W.3d 822 (Ky.2011),[1] we must hold that the circuit court abused its discretion in revoking Bowlin's conditional discharge because it failed to provide him with his due process rights. Therefore, we vacate the circuit court's order.

On April 25, 2005, the Gallatin County grand jury indicted Bowlin on a charge of flagrant nonsupport pursuant to Kentucky Revised Statutes (KRS) 530.050, for intentionally and persistently failing to provide support for his minor child pursuant to a Gallatin District Court order. At the time of the indictment, Bowlin had an arrearage of approximately $3,578.57. On February 27, 2006, Bowlin moved to plead guilty to the charge of flagrant nonsupport pursuant to an agreement with the Commonwealth in which the Commonwealth recommended a five-year sentence that would be conditionally discharged for five years on the condition of payment of both child support and the arrearage. The plea agreement provided that Bowlin had to remain current on his child support obli-

gation of $50.00 per week and that he pay the arrearage, which as of January 31, 2006, totaled $5,632.57, by adding an additional $23.00 to his weekly child support obligation. The circuit court accepted the plea and found him guilty of flagrant nonsupport. In the final judgment and sentence, the circuit court imposed the five-year sentence, conditionally discharged it for five years, and entered a judgment for the Commonwealth in the amount of $5,632.57. The conditions of Bowlin's discharge were set forth in a separate document, and it included the requirement that he pay a total of $73.00 in current and back-due child support each week. Other conditions included not committing another offense, working at suitable employment, and not using illegal drugs or alcohol.

On June 13, 2006, the Commonwealth moved the circuit court to revoke Bowlin's conditional discharge because he had failed to remain current on his child support payments. At that time, he was out of compliance in the amount of $723.87 and had last made a payment on May 4, 2006. The Commonwealth later moved to withdraw its motion to revoke by agreement because Bowlin was incarcerated on unrelated charges and was expected to remain in custody until January 2007.

On March 31, 2009, the Commonwealth again moved to revoke Bowlin's conditional discharge because he had failed to pay his child support obligation as ordered. The affidavit attached to the motion indicated that Bowlin had last paid child support on January 16, 2009, and that he owed $9,892.64 in past due child support as of February 28, 2009. The hearing on the motion to revoke was rescheduled several times before being held on September 14, 2009.

---

1. The Supreme Court rendered this opinion on August 25, 2011, and it became final on September 15, 2011.

At the revocation hearing, the Commonwealth introduced testimony from Jane Lynn Brown, a case worker for the Division of Child Support in Gallatin County. Ms. Brown testified that pursuant to the terms of the plea agreement entered February 27, 2006, Bowlin was to pay $50 per week in child support along with an additional $23 per week towards the arrearage. She testified that his current arrearage was $11,192.64, not including $250.00 he owed for the month of September. Bowlin's pay history records showed that he had last paid child support on January 16, 2009, and that he had paid a total of $3,739.93 in child support from the time he entered into the plea agreement. At the time of the hearing, Bowlin was out of compliance in the amount of $9,692.07. Ms. Brown testified that she had attempted wage assignments nine times over the last few years. On cross-examination, Ms. Brown stated that she had sent wage assignments twice to two different companies whose names had been provided by Bowlin, but none of them were successful. She stated that she sent the last one to Harper Company on August 24, 2009.

Bowlin also testified. He stated that he had made payments and that he had been trying to stay current through wage assignments, but he had been out of work or incarcerated for at least a part of the time since he had entered into the plea agreement. The only job he was able to perform was that of a construction worker, noting that he only had a GED and was a convicted felon. However, he had just started a new union job with Harper Company doing construction work. At this job, he was earning $20.01 per hour, with the possibility of overtime. He had received one paycheck for one day of work as of the day of the hearing. He stated that with this job, he would be able to pay his child support. While accepting responsibility for having to pay child support, Bowlin nevertheless blamed the economy and his circumstances as preventing him from doing so. On cross-examination, Bowlin stated that he mailed a child support payment the prior Wednesday, the only one he had made since January. He also admitted that he had secured three jobs since the motion to revoke was filed; one fell through, another job paid only $9.00 per hour but he did not receive any hours, and he had just started the third job with Harper Company. He stated that he had not sent any child support payments because he had not been receiving any hours and had no money to send.

At the conclusion of the testimony, Bowlin argued that his conditional discharge should not be revoked because he had been paying his child support obligation and would be able to continue payments because of the good, secure job he had just obtained. Incarceration, he stated, would not serve the purpose of getting the child support paid. The Commonwealth, on the other hand, pointed out that Bowlin had only paid one-third of what he owed and that he was not carrying his burden by paying as he was ordered to do.

Based upon the testimony provided at the hearing, the circuit court found that Bowlin had violated the terms of his conditional discharge by failing to pay his child support payments as he had been ordered to do. It also found that there was a high risk that he would reoffend. Therefore, the circuit court orally revoked the conditional discharge and imposed a five-year sentence pursuant to the original plea agreement. The oral ruling was memorialized on September 15, 2009, by written order. In the order, the court specifically found that Bowlin had violated the terms of his conditional discharge by failing to pay his court-ordered child support. This appeal now follows.

On appeal, Bowlin contends that the circuit court erred in revoking his conditional discharge because the Commonwealth failed to prove that he willfully refused to pay his child support and also failed to consider alternatives to incarceration pursuant to the mandate set forth by the United States Supreme Court in *Bearden v. Georgia*, 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983). Bowlin also contends that the circuit court abused its discretion in granting revocation by failing to conduct a *Bearden* analysis. On the other hand, the Commonwealth argued that *Bearden* did not apply to Bowlin's case because he entered a valid plea agreement, but that the Commonwealth nevertheless met its burden of proof pursuant to this Court's holding in *Gamble v. Commonwealth*, 293 S.W.3d 406 (Ky.App.2009).

Before we reach the merits of this appeal, we must consider the Commonwealth's motion to dismiss the appeal as moot, which was passed to the merits panel. In its motion, the Commonwealth states that after his conditional discharge was revoked by written order on September 15, 2009, the circuit court granted Bowlin shock probation on November 23, 2009, and then reissued the order on December 7, 2009. Additionally, the Commonwealth states that Bowlin withdrew his appeal two days after he was granted shock probation. Because he was no longer in custody for this cause of action, the Commonwealth argues that the current appeal is moot because he no longer has a cause of action for which relief could be granted. It admitted, however, that Bowlin was in custody for additional charges of flagrant nonsupport, on which he was indicted in 2010. The Commonwealth further argues that our decision is controlled by *Gamble, supra,* as well as an unpublished opinion of this Court. However, we note that the latter argument does not go to whether the appeal is moot, but rather it goes to the merits of the case.

On the other hand, Bowlin contends that he does intend to pursue his appeal and that his trial counsel erroneously filed a motion at the circuit court level to dismiss the appeal. However, that motion was not accompanied by an affidavit signed by Bowlin establishing that he wished for the appeal to be dismissed. Furthermore, Bowlin later told a DPA investigator that while at one point in time he wanted to dismiss his appeal, he had changed his mind and wanted to pursue it. Bowlin contends that even if he had been released on shock probation related to this conviction, he is still entitled to review of whether his conditional discharge was properly revoked. He then points out that he was in custody for substantially the same act—failing to pay child support. He contends that this case falls within the exception to the mootness doctrine described in *A.C. v. Commonwealth*, 314 S.W.3d 319 (Ky.App. 2010).

■ We agree with Bowlin that even though he was released from prison on shock probation, he is still entitled to seek review of whether his conditional discharge was properly revoked. We note that the record on appeal does not contain any documents post-dating the filing of the notice of appeal in this case, so we have not been able to review any of the documents related to Bowlin's shock probation or his motion to dismiss. However, we presume that the Commonwealth could again move to revoke Bowlin's shock probation for reasons such as a failure to pay child support or the commission of other crimes. In fact, as noted by the parties and established by our CourtNet search, Bowlin was indicted for flagrant nonsupport in June 2010, for which he entered a guilty plea on May 9, 2011, and received a five-year sentence requiring him to serve

six-months in prison and conditionally discharging the remainder of the sentence. Bowlin was also charged with several counts of complicity to theft by unlawful taking in February 2011. He entered a guilty plea on May 6, 2011, for which he received a total sentence of ten years, with all but 185 days suspended. He was placed on probation for a total of five years. Accordingly, we cannot hold that this appeal is moot, even though Bowlin's prison sentence was probated.

▇ And even if we were to hold that his appeal was rendered moot by Bowlin's shock probation, we would nevertheless hold that this case falls squarely in the exception to the mootness doctrine. "[A] court will review even a moot case if the issues involved in the case are 'capable of repetition, yet evading review.'" *A.C. v. Commonwealth,* 314 S.W.3d 319, 327 (Ky. App.2010) (quoting *Philpot v. Patton,* 837 S.W.2d 491, 493 (Ky.1992)).

> The decision whether to apply the exception to the mootness doctrine basically involves two questions: whether (1) the "challenged action is too short in duration to be fully litigated prior to its cessation or expiration and [2] there is a reasonable expectation that the same complaining party would be subject to the same action again." *In re Commerce Oil Co.,* 847 F.2d 291, 293 (6th Cir.1988).

*Philpot,* 837 S.W.2d at 493. Here, the same circumstances could indeed arise again. If we were to accept the Commonwealth's argument, Bowlin's conditional discharge or probation could be revoked and then his probation reinstated too quickly to provide for the time to pursue an appeal. Furthermore, such a situation is certainly capable of repetition.

Therefore, we shall deny the Commonwealth's motion to dismiss the appeal as moot and shall now consider the merits of Bowlin's appeal.

Turning to the merits of the appeal, we recognize that the Supreme Court of Kentucky has recently rendered an opinion that is dispositive of the issues raised by Bowlin and that necessitates a reversal in this matter.

▇ In *Commonwealth v. Marshall,* 345 S.W.3d 822 (Ky.2011), the Supreme Court considered appeals in two separate actions arising from motions to revoke for failure to comply with conditions requiring the payment of child support. The Supreme Court conducted an extensive review of the existing authority, including *Bearden* and *Gamble* as well as other recent Kentucky precedent. Relying in part on *Bearden,* the Court held:

> [D]ue process requires that the trial court considering revocation for nonpayment of support (1) consider whether the probationer has made sufficient bona fide efforts to pay but has been unable to pay through no fault of his own and (2) if so, consider whether alternative forms of punishment might serve the interests of punishment and deterrence. This holding is consistent with existing Kentucky and United States Supreme Court precedent concerning motions to revoke probation for failure to pay fines or restitution.

*Marshall,* 345 S.W.3d at 823–24. Based upon this holding, a trial court must complete a *Bearden* analysis before revoking a defendant's probation or conditional discharge for failure to comply with child support payments, confirming that *Bearden* extends beyond the payment of fines and restitution.

The *Marshall* Court then reconfirmed that the trial court is required to "make clear findings on the record specifying the evidence relied upon and the reasons for revoking probation." *Marshall,* 345

S.W.3d at 824. The trial court must include "findings about whether the defendant made sufficient bona fide efforts to make payments." *Id.* These findings do not necessarily have to be made in writing, *id.,* although it would be good practice to do so as a court speaks by its written orders. Importantly for the case before us, "[t]hese due process requirements apply regardless of whether child support payment conditions were imposed by the trial court or whether the defendant agreed to these conditions as part of a plea agreement." *Id.* In cases such as Bowlin's, where the defendant's plea agreement was conditioned on his agreement to make child support payments, "the trial court may properly focus its inquiry on post-plea financial changes without revisiting whether the defendant was able to make payments at the time the guilty plea was entered." *Id.*

Finally, the Court confirmed the relative burdens in probation revocation hearings:

As with all probation revocation hearings, the Commonwealth has the burden of proving a probation violation by a preponderance of the evidence. But if the Commonwealth has shown that payment conditions were violated by the defendant's failure to make the required payments, the probationer bears the burden of persuading the trial court that he made bona fide efforts to comply with payment conditions but was unable to do so through no fault of his own. The trial court must afford the probationer an opportunity to present evidence of reasons for nonpayment but may focus consideration on post-plea changes if defendant entered a guilty plea to flagrant nonsupport, particularly where he agreed to make payments under a plea agreement. The trial court must specifically find whether the probationer made sufficient bona fide efforts to comply with payment obligations. If so, the trial court must then consider whether alternative measures might accomplish interests in punishment and deterrence or if imprisonment is necessary to accomplish these objectives.

*Id.* at 834 (footnotes omitted).

■ In the present case, the circuit court ruled on the Commonwealth's motion to revoke both orally at the conclusion of the hearing and then by written order. Neither orally nor in writing did the circuit court make any finding other than that Bowlin had failed to pay his child support as he was ordered to do. The circuit court did not address the *Bearden* factors at all, including whether Bowlin had made sufficient bona fide efforts to pay, but was unable to do so through no fault of his own, and if so, whether alternative forms of punishment might apply. We note that Bowlin presented testimony at least addressing the first *Bearden* factor, including evidence that he had been making payments, but was having trouble finding suitable employment due to his circumstances and the economy. This is not to say that Bowlin presented sufficient evidence to meet this threshold question. But, the circuit court should have made findings relative to the *Bearden* factors before revoking Bowlin's conditional discharge. Therefore, we hold that the circuit court abused its discretion in revoking Bowlin's conditional discharge without first making such findings.

For the foregoing reasons, the Commonwealth's motion to dismiss the appeal as moot is hereby DENIED. The order of the Gallatin Circuit Court revoking Bowlin's conditional discharge is vacated, and this matter is remanded to the circuit court to make the required findings as set forth in *Commonwealth v. Marshall, supra.*

CAPERTON, Judge, concurs.

KELLER, Judge, concurs in result only.