RENDERED: APRIL 24, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0512-MR

LAMARCUS BEATTY                                                    APPELLANT


APPEAL FROM BOYD CIRCUIT COURT
v.        HONORABLE JOHN F. VINCENT, JUDGE
ACTION NO. 13-CR-00419


COMMONWEALTH OF KENTUCKY                                APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE: Lamarcus Beatty appeals the Boyd Circuit Court's Order revoking his probation. Because Beatty was not furnished with statutorily required written notice that revocation was being sought for his failure to pay child support, we vacate the order of the circuit court and remand for a new hearing.

Beatty pleaded guilty to flagrant non-support in December 2013 as part of a diversion agreement, and he was sentenced to five years of incarceration to be diverted for five years. (Record (R.) 33, 38). In the years that followed,

Beatty repeatedly violated the terms of the diversion agreement by failing to pay child support. The circuit court voided Beatty's diversion in April 2018, but probated his five-year sentence.[1] Though Beatty continued to struggle with compliance, the circuit court continued to extend him grace.

In 2018, an emergency protective order was issued against Beatty, he tested positive for marijuana, and he incurred misdemeanor charges. (R. 69, 70, 75). In 2019, Beatty again tested positive for marijuana. (R. 86). In 2021, Beatty was convicted on the previously incurred misdemeanor charges. (R. 107). In 2022, Beatty tested positive for marijuana and cocaine. (R. 113). Instead of revoking Beatty's probation at that time, the circuit court held Beatty in contempt and ordered him to undergo a substance abuse assessment and comply with any treatment recommendation. (R. 119). In 2023, Beatty again tested positive for marijuana. (R. 121).

The instant revocation proceedings began with Beatty's probation officer filing another violation of supervision report in February 2024, based on Beatty's failure to complete previously recommended treatment for substance

---

[1] Pursuant to Kentucky Revised Statutes (KRS) 533.020(5), a period of conditional discharge "shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer." Beatty had already been subject to conditional discharge for nearly five years when the circuit court voided his diversion and extended his period of conditional discharge by imposing a new five-year term of probation. However, we have previously expressed "that money owed for past due child support constitutes 'restitution' within the meaning of [KRS 532.350(1)(a)]." *Gamble v. Commonwealth*, 293 S.W.3d 406, 410 (Ky. App. 2009).

abuse. (R. 132). In an accompanying affidavit, the only probation violation Beatty's probation officer listed was "[f]ailure to complete treatment for substance abuse." (R. 134). Neither the report nor the affidavit indicated Beatty had been failing to pay child support.

In the order revoking Beatty's probation, the circuit court acknowledged the violation of supervision report indicated Beatty "failed to complete treatment for substance abuse as previously ordered," and Beatty's argument that he "left treatment because of a disagreement as to his religious beliefs." (R. 144). But the circuit court side-stepped Beatty's religious freedom argument and instead revoked his probation based on his failure to pay child support. The circuit court explained:

> The issue in this matter is the continued willful failure of Mr. Beatty to pay child support. Not only has he failed to pay the support as ordered, but this has been going on since 2018. In addition, he has failed to comply with the terms of his probation otherwise on numerous occasions. He simply cannot be managed in the community. In addition to failing to comply with the terms of his probation, he has continually tested positive for the use of illegal substances, a criminal act. Further, he has been convicted of criminal acts during the terms of this probation. Simply, this has gone on long enough.
>
> This appeal followed.

## STANDARD OF REVIEW

"[W]e may disturb a trial court's decision to revoke probation only if that decision is an abuse of discretion." *Commonwealth v. Lopez*, 292 S.W.3d 878, 881 (Ky. 2009).

## ANALYSIS

Beatty's most salient argument on appeal sounds in due process and Kentucky statutory law. Beatty alleges he was:

> denied proper notice of violations . . . He was not given notice that the grounds for revocation were based on failure to pay his child support arrearages. Due process requires the Commonwealth to serve a defendant with *written notice* "which set forth the specific grounds that constitution the alleged probation violation."

(Appellant's Br. 7-8 (emphasis added) (quoting *Q.C. v. Commonwealth*, 164 S.W.3d 515, 517 (Ky. App. 2005))). The written notice requirement is codified in KRS 533.050(2) as follows: "Except as provided in KRS 439.3108, the court may not revoke or modify the conditions of a sentence of probation or conditional discharge except after a hearing with defendant represented by counsel and following a *written notice of the grounds for revocation or modification*." (Emphasis added).

Before delving into the merits of Beatty's notice argument, we first examine the preservation of this issue. Beatty, represented by the Department of Public Advocacy on appeal, states in his opening brief, "The procedural due

process issues regarding the hearing are unpreserved." (Appellant's Br. 6). Beatty thus requests we undertake palpable error review pursuant to RCr[2] 10.26. Normally, our examination would be limited to the question of whether we would grant that request. But in his statement of the case, Beatty relates that at the revocation hearing, after the Commonwealth indicated additional grounds for seeking revocation beyond those put in writing by Beatty's probation officer, Beatty himself, rather than his lawyer, objected.

At the revocation hearing, the Commonwealth indicated: "The substance of the motion isn't just not completing the program . . . . It's also based on his failure to pay . . . . That's the basis of the motion." Video Record (VR) 3/14/24 at 11:11:35. Visibly confused, Beatty stated: "Can I speak? It was never for not to pay. It was for positive drug screens." VR 3/14/24 at 11:12:15.[3] Judge Vincent responded:

> Let me just say this. This court has been dealing with the lack of payment with this court since April the 13th of 2018. So, I don't want to hear it's about a drug screen because it's not. It has nothing to do with a drug screen. It's that since 2018 this gentleman has been before this court on motions for failure to pay. I wasn't going to say anything until he opened his mouth. 2018! I mean, I have tried everything I can possibly try.

---

[2] Kentucky Rules of Criminal Procedure.

[3] While somewhat inarticulate, we presume Beatty was alluding to being ordered to complete treatment because of his positive drug screens.

VR 3/14/24 at 11:12:35.  We conclude Beatty timely objected to the Commonwealth's argument there were additional grounds for revocation beyond what Beatty's probation officer put in writing, and the circuit court overruled his objection, preserving this issue for appellate review.

Generally, preservation merely requires that the trial court be given the opportunity to rule on a question, not the recitation of any particular "magic words." *See, e.g.*, *Cotton v. National Collegiate Athletic Association*, 587 S.W.3d 356, 360 (Ky. App. 2019) (discussing our preservation rule which "emphasizes the importance of the firmly established rule that the trial court should first be given the opportunity to rule on questions before they are available for appellate review" (citations omitted)).  In the case at bar, the question regarding the grounds for revoking Beatty's probation was brought to the attention of the circuit court, and Judge Vincent was beyond clear in furnishing the court's answer to that question. The circuit court did have an opportunity to address the argument presented to this Court.

We have thoroughly reviewed the record, and while it amply supports the circuit court's general frustration with Beatty, given Beatty's lengthy history of noncompliance and the grace extended to him by the circuit court, we cannot locate in the record where Beatty was furnished with written notice that his failure to pay child support was among the grounds upon which revocation was being

sought. Nor does the Commonwealth direct us to such written notice by citing to the record, instead admitting: "The report did not specifically list failure to pay child support as a violation." (Appellee's Br. 7). The Commonwealth's sole argument is that this statutory noncompliance does not constitute palpable error. But again, palpable error review is not required because Beatty preserved this issue himself.

Notice is the touchstone of fairness. KRS 533.050(2) is clear, and that provision requires that a defendant be furnished with "written notice of the grounds for revocation." The Commonwealth does not dispute Beatty was not furnished with written notice that revocation was being sought for his failure to pay child support. The circuit court's decision to revoke Beatty's probation on that basis was thus an abuse of discretion.

The circuit court's frustration with Beatty's failure to pay child support is justified and this Opinion does not in any way countenance his failure. We emphasize that, in Kentucky, "*probation is a privilege* rather than a right." *Tiryung v. Commonwealth*, 717 S.W.2d 503, 504 (Ky. App. 1986) (emphasis added). Even if a trial court's decision on remand is unlikely to result in a different outcome, adherence to due process, especially when memorialized by statute, cannot be ignored.

Because we remand for a new hearing, we need not address Beatty's remaining arguments. On remand, Beatty must be furnished with written notice of any and all grounds upon which revocation is sought, and the circuit court is only authorized, pursuant to KRS 533.050(2), to revoke Beatty's probation, if at all, upon the grounds noticed.

Based on the foregoing, the March 20, 2024 Order of the Boyd Circuit Court is vacated, and we remand for a new hearing.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Erin Hoffman Yang<br>Frankfort, Kentucky | Russell Coleman<br>Attorney General of Kentucky |
| | Ken W. Riggs<br>Assistant Attorney General<br>Frankfort, Kentucky |