Durand MURRELL, Appellant

v.

KENTUCKY PAROLE BOARD; Kentucky Department of Corrections, Appellees

NO. 2016-CA-000283-MR

Court of Appeals of Kentucky.

OCTOBER 13, 2017; 10:00 A.M.

BRIEFS FOR APPELLANT: Timothy G. Arnold, Frankfort, Kentucky.

BRIEFS FOR APPELLEE: Oran S. McFarlan, III, Kentucky Parole Board, Frankfort, Kentucky, and Brenn O. Combs, Department of Corrections, Frankfort, Kentucky.

BEFORE: KRAMER, CHIEF JUDGE; ACREE AND JOHNSON, JUDGES.

OPINION

JOHNSON, JUDGE:

Durand Murrell appeals from a December 21, 2015 Opinion and Order of the Franklin Circuit Court denying his mo-

tions for Declaratory and Injunctive Relief and Summary Judgment and granting Appellee's Motion for Summary Judgment. After reviewing the record in conjunction with the applicable legal authorities, we REVERSE the order of the Franklin Circuit Court.

## BACKGROUND

Murrell was incarcerated at the Northpoint Training Center in Burgin, Kentucky, with an anticipated release date of October 1, 2016. In 1993, Murrell pleaded guilty in Jefferson Circuit Court for a series of 16 armed robberies. In 1993, Murrell also pleaded guilty to an additional count of robbery first degree,[1] one count of assault third degree,[2] one count of escape first degree[3] and six counts of wanton endangerment second degree[4] arising out of his June 29, 1992 escape from the Jefferson County Corrections Facility.

Murrell was sentenced to a total of 42 years for these crimes. In 1994, while serving his Kentucky prison sentence, Murrell was charged with and pleaded guilty to federal criminal charges of Bank Robbery, Aiding and Abetting, Use of a Firearm in a Crime of Violence, and Carjacking, receiving a federal prison sentence totaling 152 months. On September 14, 1994, the Department of Corrections received a detainer from the U. S. Marshall Service to secure custody of Murrell for lodging under his federal indictments upon his release from prison in Kentucky. On December 13, 2000, Murrell came before a panel of the Kentucky State Parole Board ("Board") for a parole hearing, after which the Board recommended Murrell's parole to the federal detainer hold. In addition, the Board also ordered that Murrell attend treatment programs for substance abuse and anger management.

On March 31, 2011, the Department of Corrections was notified of Murrell's pending release from federal prison on or about June 7, 2011, to a halfway house, with March 6, 2012, as the projected date of release from federal custody. Murrell, however, remained in federal custody until approximately September 12, 2012, at which point upon his release from federal custody he began active supervision with the Kentucky Department of Corrections.

On August 29, 2013, Murrell was again arrested and on August 30, 2013, he was charged with possession and trafficking in marijuana. Murrell, however, did not make any attempt to contact his parole officer until September 3, 2013, leaving a phone message stating that he "needed to talk about a situation that had occurred." On September 5, 2013, Murrell reported to his parole officer, Angelique McNary, and at that time notified her that he had been arrested for possession and trafficking in marijuana in August. On that date, after a discussion by Officer McNary with her supervisor, Murrell was taken into custody and served with a Notice of Preliminary Hearing charging him with violating the conditions of his parole by "(1) being in possession of marijuana on August 29, 2013, and (2) by failing to report his arrest of August 29, 2013, within the 72 hour requirement dictated by the terms of his parole."

On September 19, 2013, a preliminary parole revocation hearing was held by an administrative law judge of the Board. At the hearing the law judge found that there was probable cause to believe that Murrell

1. Kentucky Revised Statutes ("KRS") 515.020.

2. KRS 508.025.

3. KRS 520.020.

4. KRS 508.070.

had violated the conditions of his parole as alleged and the matter was referred to the Board for a Final Parole Revocation Hearing.

The Board scheduled Murrell's Final Parole Revocation Hearing on October 24, 2013. At that hearing Murrell admitted the alleged parole violations. The Board then found Murrell guilty of violating the conditions of his parole as charged and revoked his parole. In addition, the Board set a new eligibility date in his case for eighteen months, stating that Murrell needed to deal with the pending charges and get his anger issues taken care of so that he would be "in a much better place, different place, and a better candidate for parole. . . ." On July 7, 2014, Murrell filed a Writ of Mandamus in the Franklin Circuit Court ("court") appealing the Board's revocation of his parole. On July 24, 2014, Murrell filed a Motion to Convert the Writ of Mandamus to a Declaration of Rights, and on October 21, 2014, he filed his first Amended Complaint Seeking Declaratory and Injunctive Relief. On December 21, 2015, the court issued its Opinion and Order Denying his Motion for Declaratory and Injunctive Relief and Summary Judgment, and Granting the Board's Motion for Summary Judgment from which this appeal arises.

## STANDARD OF REVIEW

■ The standard of review on appeal when a lower court grants a motion for summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). This is a summary judgment granted on an administrative action, therefore, our review is modified. We review such orders to determine if the petition raises specific genuine issues of material fact sufficient to overcome the presumption of the agency's propriety. *Smith v. O'Dea*, 939 S.W.2d 353, 356 (Ky. App. 1997) Summary judgment involves only legal questions and the existence of any disputed material issues of fact, "an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001). Because the proper interpretation of a statute, specifically KRS 439.3106, is a purely legal issue, our review is *de novo*. *Commonwealth v. Long*, 118 S.W.3d 178, 181 (Ky. App. 2003).

## ANALYSIS

■ Murrell has been paroled prior to our issuing this opinion thus subject to rendering his appeal moot. However, this case presents an exception to the mootness doctrine. "A court will review even a moot case if the issues involved in the case are capable of repetition, yet evading review." *Bowlin v. Commonwealth*, 357 S.W.3d 561, 565 (Ky. App. 2012) (internal citations and quotation marks omitted). Not only is Murrell currently on parole and thus subject to the possibility of a revocation hearing again, but the issue presented to us is likely to reoccur in other cases coming from the Board under similar time constraints. Therefore, we take the issue under review in this opinion.

There is no dispute about the facts of this case. Murrell is appealing the final order of the Franklin Circuit Court, alleging that the court erred when it found the Parole Board was not required to make formal findings under KRS 439.3106 prior to his revocation. Murrell also alternatively argues that the trial court erred when it found that the Board had considered the factors set forth in KRS 439.3106, concerning whether his parole should be revoked

or whether he was eligible for graduated sanctions.

On the first issue raised by Murrell, we follow the holding in *Commonwealth v. Andrews*, 448 S.W.3d 773 (Ky. 2014). In *Andrews*, the Kentucky Supreme Court found that under the guidelines of KRS 439.3106, prior to the revocation of a supervised individual's probation, the trial court must make a finding of whether 1) the probationer's failure to abide by the conditions of supervision constitutes a significant risk to prior victims or the community; and 2) the probationer cannot be managed in the community. *Id.* at 776. Murrell argues that this finding must be formal, on the record, written or oral.

In *Andrews*, the Kentucky Supreme Court stated that in revocation proceedings the courts must consider the requirements of KRS 439.3106 and the feasibility of lesser sanctions, but it stopped short of requiring that the consideration be in a written document. In *McClure v Commonwealth*, 457 S.W.3d 728, 733 (Ky. App. 2015), we concluded that the requirements of KRS 439.3106 must be written or oral so that they are clearly expressed on the record.

However, in both cases the issue concerned the revocation of probation by a circuit court and not the revocation of parole by the Board. Murrell suggests that the requirements of KRS 439.3106 not only apply to the courts, but should also apply to the Board.

Conversely, the Board argues that Kentucky case law is clear in that the power to grant or revoke parole is a purely executive function, carried out by the Board alone. *Jones v. Commonwealth*, 319 S.W.3d 295, 298 (Ky. 2010). Thus, the requirement that the Board make specific, on the record findings under KRS 439.3106 does not apply to them. The Board argues that so long as the record demonstrates

that the Board considered Murrell's previous criminal history, his current issues with readjusting to being out on parole, and his parole violations (all issues as reflected by KRS 439.3106) it has satisfied those requirements. No formal notation is required.

■ We are aware that the legislature made no provision for a direct appeal from the hearing at the Board. In fact, this appeal originated initially via a writ of mandamus, which was later converted to a declaratory action. While our decision in this case is not intended to open the flood gates to numerous appeals from prisoners or parolees, the issue raised in this appeal is one of first impression, involving the correct application of a statute. This Court will not normally reverse the decisions of the Board absent a clear mistake in the law. We review to determine that "the agency's judgment comports with the legal restrictions applicable to it." *Smith*, 939 S.W.2d at 355 (citing *American Beauty Homes Corp. v. Louisville & Jefferson County Planning and Zoning Comm'n.*, 379 S.W.2d 450 (Ky. 1964)).

Our goal when reviewing and applying statutes is to give effect to the intent of the General Assembly. *Commonwealth v. Wright*, 415 S.W.3d 606, 609 (Ky. 2013) (citing *Osborne v. Commonwealth*, 185 S.W.3d 645, 648-49 (Ky. 2006)). In analyzing the statute, KRS 439.3106 states that "supervised individuals" are subject to the statutory requirements contained therein. The definition of a "supervised individual" in KRS 446.010(42), means "an individual placed on probation by a court or serving a period of parole or post-release supervision from prison or jail[.]" KRS 446.010(42) makes no distinction between an individual on probation or one on parole and neither does KRS 439.3106. In interpreting KRS 439.3106, it is assumed that the General

Assembly intended for the statute to be construed as a whole, for all of its parts to have meaning, and to harmonize with re-. lated statutes. *Wright*, 415 S.W.3d at 609.

■ Since KRS 439.3106 makes no distinction between probation or parole, this Court finds as a matter of law that the requirements of KRS 439.3106 must apply to the Board as well as to the courts. The Board's failure to make express findings on the record, oral or otherwise, demonstrating that the Board considered the requirements of KRS 439.3106, before their final revocation of Murrell's parole, is a fatal flaw.

The second issue which Murrell raises concerns whether the court erred when it found that the Board considered the factors set forth in KRS 439.3106. In that we have found that the Board failed to make specific findings as it relates to the facts in light of KRS 439.3106, this issue is rendered moot.

## CONCLUSION

For the foregoing reasons, the decision of the Franklin Circuit Court is REVERSED. This matter is not remanded, as Murrell is not currently incarcerated.

ALL CONCUR.