RENDERED: NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1562-MR

JAMES NICK JORDAN											APPELLANT

v.						APPEAL FROM FRANKLIN CIRCUIT COURT
						HONORABLE PHILLIP J. SHEPHERD, JUDGE
						ACTION NO. 20-CI-00623

KENTUCKY PAROLE BOARD										APPELLEE

OPINION
AFFIRMING

\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: CETRULO, LAMBERT, AND TAYLOR, JUDGES.

CETRULO, JUDGE: James Nick Jordan, the appellant, is currently serving a sentence due to the Kentucky Parole Board's (KPB) revocation of his conditional discharge pursuant to Kentucky Revised Statute (KRS) 532.043. Jordan filed a complaint seeking declaratory and injunctive relief in Franklin Circuit Court challenging the KPB's decision, but the circuit court granted KPB's motion for summary judgment and dismissed the complaint. We affirm.

## FACTUAL AND PROCEDURAL HISTORY

In 2016, Jordan served one year of his sentence for third-degree sodomy. In 2017, Jordan was released and placed on conditional discharge for a period of five years. As one of the conditions of his release, Jordan was not allowed to utilize the internet without first advising his parole officer and obtaining a blocking device to prevent access to pornography and other inappropriate resources. Another condition of his release required that he complete a sex offender treatment program (SOTP).

On November 1, 2019, Jordan's parole officer visited Jordan to verify that Jordan was not engaging with children during the community's trick or treating event. (Due to local scheduling, trick or treating fell on November 1 and not the standard October 31.) Upon gaining access to Jordan's residence, the parole officer discovered an Xbox gaming system, computer, ethernet cable, and modem, and Jordan admitted having a working internet connection for playing online games with others. Subsequently, Jordan was taken into custody and charged with violating the conditions of his parole.

On December 27, 2019 and January 10, 2020, a bifurcated probable cause hearing was held in front of an Administrative Law Judge (ALJ), wherein she found probable cause for the violations and referred the matter to the KPB.

Subsequently, at the KPB's final revocation hearing on February 14, 2020, another ALJ determined that by a preponderance of the evidence, Jordan had violated his terms of release due to his failure to complete SOTP; but, the ALJ dismissed the additional condition of supervision pertaining to internet use.

As a result of the hearings, the KPB revoked Jordan's conditional discharge. He is currently incarcerated with a maximum expiration date of May 27, 2022. Jordan challenged the KPB's decision in Franklin Circuit Court for reasons discussed in greater depth in our analysis below. However, the circuit court ultimately granted the appellee's motion for summary judgment.

In the order granting summary judgment, the circuit court found Jordan "had his supervised release revoked on the sole basis that he was terminated from SOTP" and not due to a violation of the condition related to internet use. Because the violation of the condition restricting internet use was dismissed prior to reaching the circuit court, Jordan's related First Amendment rights were not violated in the instant case (to be discussed in more detail below). Second, the circuit court found that Jordan's termination from SOTP was a sufficient basis for his return to custody. Third, the circuit court found that KRS 439.3106[1] was

---

[1] KRS 439.3106(1) provides,

        Supervised individuals shall be subject to:

            (a) Violation revocation proceedings and possible
                incarceration for failure to comply with the conditions

properly applied; Jordan's failure to complete SOTP did indeed pose a significant risk, and he could not be appropriately managed in the community. Finally, the circuit court dismissed Jordan's claims that he was "entitled" to graduated sanctions since such sanctions are at the discretion of the KPB. KRS 439.3106(2)(a).[2] This appeal followed.

## STANDARD OF REVIEW

Regarding the standard of review for the case in point, we need to look no further than *Murrell v. Kentucky Parole Board*, 531 S.W.3d 503, 505 (Ky. App. 2017).

> The standard of review on appeal when a lower court grants a motion for summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. This is a summary judgment granted on an administrative action, therefore, our review is modified. We review such orders

of supervision when such failure constitutes a significant risk to prior victims of the supervised individual or the community at large, and cannot be appropriately managed in the community; or

(b) Sanctions other than revocation and incarceration as appropriate to the severity of the violation behavior, the risk of future criminal behavior by the offender, and the need for, and availability of, interventions which may assist the offender to remain compliant and crime-free in the community.

---

[2] KRS 439.3106(2)(a) provides, "At a final revocation hearing, the board *may* subject a supervised individual to a supervision continuation sanction for a period of up to nine (9) months, or until the completion of the individual's sentence, whichever is shorter." (Emphasis added.)

> to determine if the petition raises specific genuine issues of material fact sufficient to overcome the presumption of the agency's propriety. Because the proper interpretation of a statute, specifically KRS 439.3106, is a purely legal issue, our review is *de novo*.

(Internal quotation marks and citations omitted.)

## ANALYSIS

Jordan preserved five issues for review. We will discuss each in turn. First, Jordan makes a First Amendment argument. Specifically, he contends: (a) the requirement that he first inform his parole officer prior to gaining internet access violates his First Amendment right of free speech; and therefore (b) the revocation of his parole due to that internet access was accordingly unconstitutional. We disagree.

Jordan's constitutional argument relies upon *Packingham v. North Carolina*, 137 S. Ct. 1730, 1733, 198 L. Ed. 2d 273 (2017). In *Packingham*, the United States Supreme Court considered the constitutionality of a North Carolina statute that prohibited registered sex offenders from accessing "a commercial social networking Web site where the sex offender knows that the site permits minor children to become members or to create or maintain personal Web pages." *Id*. at 1733 (citation omitted). Applying intermediate scrutiny, the Court determined that the North Carolina statute was unconstitutional because it was not narrowly tailored to serve the significant governmental interest of protecting

victims of sexual offenses. *Id.* at 1736-37. The Court held that by "foreclos[ing] access to social media altogether," the North Carolina statute "prevent[ed] the user from engaging in the legitimate exercise of First Amendment rights." *Id.* at 1737. But, *Packingham* is distinguishable from the case herein. Jordan was not completely denied access to the internet or social media sites, but rather he was required to gain permission and monitoring equipment prior to that access.

Additionally, Jordan's parole was not revoked due to his internet use. At the probable cause hearing, the ALJ heard testimony of six violations that brought about his termination from SOTP. At the final revocation hearing, the ALJ relied upon testimony from the social service clinician for SOTP that Jordan lied about possessing devices that could access the internet, and it was the *lying* that was indicative of the high-risk behavior that led to his termination. Further, the circuit court observed that Jordan's termination from SOTP, and not his internet usage, was the reason for his revocation. Therefore, Jordan's constitutional argument fails.

Second, Jordan argues the revocation of his parole was erroneous because he was denied due process. In this regard, while acknowledging "the allegation that he did not complete SOTP was incontrovertible," he contends he was improperly terminated from SOTP without a hearing. Again, we find this argument unpersuasive.

Jordan was accepted into SOTP on or around July 5, 2017. According to his termination report signed by his social service clinician on November 4, 2019, Jordan failed the program in many respects. He derailed treatment discussions with anger; his assignments lacked effort and were often late; he was dishonest; and he exhibited "red flag behavior." (SOTP's Termination and Discharge Form, p. 5.) True, he was not granted a hearing prior to his termination from SOTP, but he was represented by counsel when that termination was further adjudicated at *both* the probable cause hearing *and* final revocation hearing.

In order to satisfy due process, the Kentucky Supreme Court requires violators (of probation or parole) to be provided (a) written notice of the claimed violations; (b) disclosure of evidence against him; (c) opportunity to be heard and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a "neutral and detached" hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.[3]

---

[3] In *Jones v. Bailey*, 576 S.W.3d 128, 156 (Ky. 2019), a convicted sex offender was released from prison on post-incarceration supervision and required to successfully complete SOTP, but he did not complete the program. Due to his failure to complete SOTP, the defendant received notice of a preliminary revocation hearing where he was represented by counsel. The ALJ found probable cause to believe that Bailey had violated his supervision conditions. The defendant *was not provided notice of the time and place of the final revocation hearing, did not have counsel to represent him at that hearing, and was not able to present witnesses or further testimony on the alleged violations*. The Parole Board revoked Bailey's post-incarceration supervision. Our Supreme Court held the Parole Board's procedures violated the defendant's due process rights.

There is nothing in the record to suggest that these requirements were not met, nor does Jordan argue that they were not met at both the probable cause hearing and the final revocation hearing. Jordan solely argues due process was absent at the SOTP termination, but that termination was later adjudicated at two later hearings. Again, due process was satisfied at both of those hearings.

Third, Jordan argues he "should have been" subject to graduated sanctions. According to KRS 439.3106(2)(a), "[a]t a final revocation hearing, the board *may* subject a supervised individual to a supervision continuation sanction[.]" (Emphasis added.) Parole revocation is "solely within the purview of the Board's discretion." *Newcomb v. Kentucky Parole Board*, No. 2018-CA-001837-MR, 2019 WL 5681419, at *3 (Ky. App. Nov. 1, 2019). Graduated sanctions are an option for the KPB, not a guarantee.

Fourth, Jordan argues the KPB did not follow "scientifically derived, evidence-based standards and testing about his likelihood of success if he continued in SOTP program." In his brief, he argues the Commonwealth of Kentucky is required by statute to refer to these scientific and evidence-based standards before terminating him from SOTP. "Despite having Mr. Jordan complete various scientific tests . . . the results of those tests bore no role in

SOTP's decision to terminate," nor should they. Jordan cites to KRS 439.3101,[4] KRS 439.3104,[5] and KRS 439.335,[6] but none of these statutes are applicable to probation revocation. KRS 439.3101 and KRS 439.3104 pertain to the "Department" of Corrections, not the KPB. Additionally, KRS 439.335 applies those test results to the granting of parole, terms of parole, intensity of supervision for parole, and conditions of parole, *not* the revocation of parole.

Again, both ALJs and the circuit court found sufficient evidence to support the termination from SOTP and the resulting violation of parole; this is supported by the record, and we find no error in their findings and conclusions.

---

[4] KRS 439.3101 provides, "(1) The *department* shall promulgate administrative regulations that require the supervision and treatment of supervised individuals in accordance with evidence-based practices." (Emphasis added.)

[5] KRS 439.3104 provides, "The *department* shall: (1) Conduct an initial administration of a validated risk and needs assessment[.]" (Emphasis added.)

[6] KRS 439.335 provides,

> (1) In considering the *granting of parole and the terms of parole*, the parole board shall use the results from an inmate's validated risk and needs assessment and any other scientific means for personality analysis that may hereafter be developed.

> (2) The department shall use the results from an inmate's validated risk and needs assessment and any other scientific means for personality analysis that may hereafter be developed *to define the level or intensity of supervision for parole, and to establish any terms or conditions of supervision*[.]

(Emphasis added.)

Fifth and finally, Jordan argues "Kentucky SOTP is unconstitutional, as there is no ability to challenge a participant's termination, and thus no meaningful remedy when the KPB accepts termination from SOTP alone as ground for violation of the conditions of conditional discharge[.]" As previously discussed in our own review of due process, Jordan may not have had an opportunity to challenge his termination directly within SOTP, but he did receive two subsequent opportunities to challenge his SOTP termination and resulting parole termination. At both his probable cause hearing and final revocation hearing, his challenge to and evidence regarding his SOTP termination was considered. Due process was sufficiently satisfied, and we find no constitutional concerns.

## CONCLUSION

In light of the foregoing, we affirm the order of the Franklin Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT                    BRIEF FOR APPELLEE:

Robert E. Stephens, Jr.                       Angela T. Dunham
Whitley City, Kentucky                       Frankfort, Kentucky