RENDERED:  JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1512-MR

DOUGLAS HODGE                                                                APPELLANT

APPEAL FROM KENTON CIRCUIT COURT
v.        HONORABLE GREGORY M. BARTLETT, JUDGE
ACTION NO. 21-CI-00814

KENTUCKY PAROLE BOARD                                                    APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  ACREE, CALDWELL, AND LAMBERT, JUDGES.

CALDWELL, JUDGE:  Douglas Hodge (hereinafter "Hodge") appeals the Kenton

Circuit Court's affirmance of the Kentucky Parole Board's revocation of his parole

after finding he violated his parole by absconding.  Having reviewed the record,

the briefs of the parties, and the applicable law, we affirm the circuit court.

# FACTS

Hodge was convicted in 2012 of various non-violent offenses and was sentenced to serve a total term of twenty (20) years' imprisonment.[1]  He was recommended for parole by the Kentucky Parole Board (hereinafter "the Board") in February of 2020.

In August of 2020, Hodge began having issues which affected his ability to remain compliant with the requirements of his release.  Hodge had been paroled to his father's home upon his release from prison; his father was the victim in his underlying crimes of theft, which caused concern for his parole officer when he started having a difficult time living with his father.  The parole officer recommended that it would be best if Hodge found another place to reside, and he later reported to her that he had moved into his cousin's apartment.

On August 27, 2020, the parole officer attempted a home visit at this new address, but no one answered the door.  The officer left a door tag directing Hodge to report to her office but later that day received a call from the resident of

---

[1] Hodge was convicted of two counts of Criminal Possession of a Forged Instrument in the Second degree; Theft by Deception over $500 but less than $10,000; Tampering with Physical Evidence; Theft by Unlawful Taking or Disposition over $500 but less than $10,000 by complicity; Operating a Motor Vehicle while under the Influence of Alcohol or Drugs, fourth or greater offense; and Possession of a Controlled Substance in the First degree, first offense.

the apartment who told her that he did not know Hodge and he didn't live at the address.[2]

When Hodge called his parole officer later that day, he would not tell her where he was staying. The officer told him he must come to her office to report in person the next morning, but he said he would instead come to her office several days later. The parole officer obtained a parole violation warrant on August 31, 2020, due to Hodge's refusal to inform her of his present residence, as is required. He thereafter failed to appear at her office several days later on the day when he had told her he would report.

The warrant charged that Hodge had violated his parole by:

1. Absconding;

2. Failing to report change in home address to parole officer;

3. Leaving the state without permission of parole officer.[3]

Following a preliminary hearing, the Administrative Law Judge determined that probable cause had been established that Hodge was in violation for absconding and failing to report the change in home address. A final

_____

[2] Apparently, the tag was left on the door of apartment #1 and the cousin and Hodge lived in apartment #3.

[3] This allegation was based upon a conversation Hodge had with an employee of Recovery Works, an intensive outpatient addiction treatment provider. He indicated to the employee that he was in Ohio. The Recovery Works employee reported this to his parole officer. Additionally, the parole officer discovered through investigation that Hodge had used his father's credit card, without his father's permission, to buy a Greyhound bus ticket.

revocation hearing was held before a different Administrative Law Judge who determined a preponderance of the evidence supported the conclusion that Hodge had violated his parole only by absconding. The Board upheld this finding and concluded, based upon Hodge's failure to inform his parole officer of his whereabouts, that he had absconded. The Board determined that Hodge was therefore not able to be managed on supervision and posed a significant risk to the community and deferred reconsideration of parole for twenty-four months.

Hodge filed a petition for declaration of rights in Kenton Circuit Court. The Parole Board moved to dismiss the petition while Hodge moved for summary judgment. The Kenton Circuit Court granted the motion to dismiss, which Hodge hereby appeals. We affirm.

## STANDARD OF REVIEW

When we are reviewing the dismissal or entry of summary judgment by a lower court on appeal from an administrative action, appellate review consists of a determination of whether the petition before the lower court raised specific, genuine issues of material fact sufficient to overcome the presumption of the propriety of the agency's action. *See Smith v. O'Dea*, 939 S.W.2d 353, 356 (Ky. App. 1997).

## ANALYSIS

Hodge alleges that the procedures employed by the Parole Board in determining whether his parole should be revoked did not meet minimal due process standards. The circuit court held that the two-hearing process, followed by review of the decisions of the Administrative Law Judges by the full Board, complied with the dictates of *Morrissey v. Brewer*, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972). We agree with the circuit court.

Hodge complains that because the full Board relied upon the record developed by the Administrative Law Judges at the two hearings, and did not itself receive evidence or argument concerning the allegations, the procedure failed to provide him adequate due process. He complains he was not provided an opportunity to argue that revocation was not the appropriate result and was forced to argue against both the underlying allegations and the proper determination at once. He claims this is deficient to satisfy the dictates of procedural due process. We disagree.

The first administrative hearing held in the matter met the dictates of *Jones v. Bailey*, 576 S.W.3d 128 (Ky. 2019). The first hearing is held only to determine if probable cause exists to proceed with the revocation. "This minimal inquiry is to determine if probable cause or reasonable grounds exist to believe that the offender did in fact commit the acts that constitute a violation, with the

probable cause determination being sufficient to hold the parolee for the Parole Board's final revocation decision." *Id.* at 137 (citing *Morrissey*, 408 U.S. at 485, 487, 92 S. Ct. at 2602).

After a determination that probable cause has been established, a second, fuller hearing is held before the decision to revoke can be made.

> Tasked with deciding the minimum due process requirements and noting that writing a procedure code is the responsibility of each state, the *Morrissey* Court held that the final, fact-finding hearing must be held within a reasonable time after the offender is taken into custody, and then summarized the final hearing minimum requirements as including:
>
> > (a) written notice of the claimed violations of parole . . . ;
> >
> > (b) disclosure to the parolee . . . of evidence against him;
> >
> > (c) opportunity to be heard in person and to present witnesses and documentary evidence;
> >
> > (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);
> >
> > (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and
> >
> > (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole[.]

408 U.S. at 489, 92 S.Ct. 2593.

*Id.* at 138.

Neither *Morrissey* nor *Jones* require that this second, final hearing be conducted before the Board; only that it be conducted with proper notice and procedures.[4]

Hodge was notified in writing of the alleged violations found after the first hearing was held. The notification included a recitation of the proof against him, which was the testimony of the parole officer and the employee of Recovery Works. Hodge was provided an opportunity to provide evidence and did so. He was also able to cross-examine the witnesses against him. The Administrative Law Judge was a neutral and detached hearing officer who provided written findings supporting his conclusion. This second hearing complied with the requirements of due process.

He argues that compliance with the dictates of *Morrissey* would require that the Board inform the parolee concerning their determination of

---

[4] "Unless the Board has received new evidence or information submitted in writing in advance of the final revocation hearing or a special hearing is held at the Board's discretion, and unless an exception is met, the Parole Board considers only the evidence in the administrative record made before the ALJ to determine what action should be taken . . . ." *Jones*, 576 S.W.3d at 141.

"We have no thought to create an inflexible structure for parole revocation procedures. The few basic requirements set out above, which are applicable to future revocations of parole, should not impose a great burden on any State's parole system. Control over the required proceedings by the hearing officers can assure that delaying tactics and other abuses sometimes present in the traditional adversary trial situation do not occur." *Morrissey*, 408 U.S. at 490, 92 S. Ct. at 2604-05.

whether the allegations against him or her had been established in the record below, to support a finding of a violation before a hearing is held on the proper disposition given the violation. We disagree and find that so long as the procedures employed give the parolee adequate notice of the allegations against him, and an opportunity to respond thereto, adequate due process is provided. That hearing does not have to be before the full Board. And it is not improper for the Board to consider both the adequacy of proof of violation and proper disposition at the same hearing.

Hodge next alleges that there was insufficient evidence that he absconded from parole. As the circuit court observed, it is not the place of that court or this Court to substitute our judgment for the judgment of the Board. "This Court will not normally reverse the decisions of the Board absent a clear mistake in the law." *Murrell v. Kentucky Parole Board*, 531 S.W.3d 503, 506 (Ky. App. 2017). The record established by substantial evidence that when directly asked by his parole officer where he was during the phone call, Hodge refused to provide his location. When ordered to report to the parole office, he refused and did not appear. We cannot say that the Board wrongfully held such amounted to absconding.

Likewise, it is the Board's place to determine the appropriate disposition once a finding of violation has been made. The Board determined that

due to his intractability Hodge could not be successfully managed in the community. We will not upset that determination.

## CONCLUSION

The procedures utilized in revoking Hodge's parole met minimal procedural due process standards and the Board's determination was supported by substantial evidence. We affirm the Kenton Circuit Court's order dismissing his petition for declaration of rights.


ALL CONCUR.


BRIEFS FOR APPELLANT:

Phillip West
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Edward A. Baylous II
Frankfort, Kentucky